INHABITANTS OF WILLIAMSBURG *vs.* INHABITANTS OF ADAMS.

Hampshire.     September 15, 1903. — October 21, 1903.

Present: KNOWLTON, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Pauper*, Settlement.

Under St. 1874, c. 274, and St. 1878, c. 190, as amended by St. 1879, c. 242, a married woman of the age of twenty-one years, coming in 1869 to a town in this Commonwealth with her husband who never acquired a settlement in this Commonwealth, and living there with her husband and children for five years continuously, without receiving relief as a pauper, if alive in this Commonwealth in 1879, can be found to have had a settlement in the town, being an unsettled woman within the meaning of § 2 of St. 1879, c. 242, at the time of the passage of that act, and an unsettled person within the meaning of § 3 of St. 1874, c. 274.

CONTRACT for expenses incurred by the plaintiff town for the relief of one Edward Guyott, Jr., a pauper, alleged to have had

a settlement in the defendant town at the time the aid was furnished.    Writ dated August 15, 1901.

At the trial in the Superior Court before *Maynard*, J., the jury returned a verdict for the plaintiff in the sum of $138.07 ; and the defendant alleged exceptions.

The statutes referred to are as follows :

St. 1874, c. 274, §§ 2 and 3, provided :

"Section 2.    Any woman of the age of twenty-one years who resides in any place within this state for five years together without receiving relief as a pauper shall thereby gain a settlement in such place.    The first section of the three hundred and ninety-second chapter of the acts of eighteen hundred and seventy is hereby repealed.

"Section 3.    No existing settlement shall be changed by any provision of this act unless the entire residence and taxation herein required accrues after its passage ; but any unsettled person shall be deemed to have gained a settlement upon the completion of the residence and taxation herein required, though the whole or a part of the same accrues before the passage of this act."

St. 1878, c. 190, § 1, cls. 1, 6, provided :

"*First.*    A married woman shall follow and have the settlement of her husband, if he has any within the state ; otherwise her own at the time of the marriage, if she then had any, shall not be lost or suspended by the marriage."

"*Sixth.*    Any woman of the age of twenty-one years, who resides in any place within this state for five years together, without receiving relief as a pauper, shall thereby gain a settlement in such place."

Section 5 of that statute repealed, with other acts, St. 1874, c. 274.

St. 1879, c. 242, is as follows :

"Section 1.    Section one of chapter one hundred and ninety of the acts of the year eighteen hundred and seventy-eight is hereby amended by striking out, in the sixth clause thereof, the words ' without receiving relief as a pauper,' and by adding at the end of said section the words following : '*provided, however,* that nothing in this section contained shall be construed to give to any person the right to acquire a settlement, or be in process

of acquiring a settlement while receiving relief as a pauper, unless within five years from the time of receiving such relief he shall reimburse the cost thereof to the city or town furnishing the same.'

" Section 2. The provisions of said sixth clause shall be held to apply to married women who have not a settlement derived by marriage under the provisions of the first clause, and to widows; and a settlement thereunder shall be deemed to have been gained by any unsettled woman upon the completion of the term of residence therein mentioned, although the whole or a part of the same accrues before the passage of this act."

D. Malone, for the defendant.

W. G. Bassett, for the plaintiff.

HAMMOND, J. The verdict shows that the jury must have found that at the time the aid was furnished to Edward Guyott, Jr., he had a settlement in Adams through his mother Mary, under and by virtue of St. 1874, c. 274, and St. 1878, c. 190, as amended by St. 1879, c. 242; and the only question before us is whether the evidence warranted such a finding.

The evidence tends to show that in the spring of 1869 Mary Guyott came with her husband and children from Canada to Adams and lived there with them for five years, and then they all moved to some other town. The family were evidently of French extraction and appear to have always lived in Canada until the year they came to Adams, and it does not appear that the husband ever had a settlement in this State. Indeed the fair inference is that he never did have one. And it may fairly be inferred also upon the evidence that before moving to Adams Mary never acquired a settlement in this State. It is contended by the defendant that there was no evidence which would warrant a finding that she resided there without "receiving relief as a pauper." The evidence tended to show that all the time in Adams she was living with her husband and children, that shortly after his arrival in Adams the husband purchased provisions in considerable quantities, and that he went to work. There is nothing to show that he was aged, infirm or indolent. On the contrary the glimpses we get of him seem to show that he was active. The fair inference from the evidence is that he was an immigrant of middle age, able and willing to work, and

that he kept his family together.  Moreover the defendant made no attempt to show affirmatively that any aid had been furnished to the family or on its account.   Upon this state of the evidence the jury might properly find that Mary had received no relief as a pauper during her residence in Adams.   She was evidently twenty-one years of age when she came there, but being a married woman she had acquired no settlement until the passage of St. 1879, c. 242, (*Somerville* v. *Boston*, 120 Mass. 574,) and was therefore an unsettled person within the meaning of the phrase as used in that statute and in St. 1874, c. 274.   There can be no doubt upon the evidence that she was alive and in this Commonwealth at the time of the passage of the later statute.   The jury therefore could properly find that by her residence in Adams for five years she acquired by virtue of these statutes a settlement in that town.   St. 1874, c. 274.   St. 1878, c. 190, § 1, cls. 1, 6. St. 1879, c. 242, § 2.   *Cambridge* v. *Boston,* 130 Mass. 357. *Dedham* v. *Milton,* 136 Mass. 424.   A settlement once acquired is presumed to continue until another is subsequently acquired, and it does not appear that she ever acquired another, or that Edward the pauper ever acquired a settlement except through her.

*Exceptions overruled.*