## TOWN OF HIGHLAND GROVE v. COUNTY OF CLAY.[1]

### April 19, 1907.

### Nos. 15,079—(48).

**Pauper.**

   The evidence is sufficient to sustain a finding that the pauper was not a legal resident of respondent town at the time he became a public charge.

**Same—Notice to County.**

   The notice required by section 1, c. 298, p. 529, Laws 1903, is not a condition precedent to the right of recovery by a town for expenses incurred in caring for a pauper who is a county charge. Such notice is for the purpose of giving the county authorities an opportunity to examine into the matter and determine whether the county is liable and should assume control of the case.

Action in the district court for Clay county to recover $100.80 for expenditures on behalf of a pauper. The case was tried before Baxter, J., who found in favor of plaintiff for the amount demanded. From an order denying a motion for judgment notwithstanding the decision or for a new trial, defendant appealed. Affirmed.

*Chas. S. Marden,* County Attorney, for appellant.

*C. A. Nye,* for respondent.

LEWIS, J.

This action was commenced by respondent under the provisions of chapter 298, p. 529, Laws 1903, to recover from appellant county the amount expended in caring for a pauper. The county appealed from an order denying its motion for a new trial.

1. While the evidence indicates that for a number of years the pauper in question had been in the habit of stopping with a farmer in the township, there is no tangible evidence establishing the fact that he at any time became a legal resident of the town or ever voted therein. It is evident that the man belonged to that class of rovers who have no fixed abiding place. It does not appear that he ever paid any taxes or acquired any property. Although he had in former years been accustomed to stop with a certain farmer in the town when passing back

[1] Reported in 111 N. W. 651.

and forth between the wheat fields in the West and the lumbering districts in the East, the evidence indicates that he had no home or fixed place of abode. The evidence is sufficient to support the finding of the court that he was not a legal resident of the respondent town at the time the services were furnished him.

2. It appears that the town officers gave verbal notice to the proper county officers, but not until seven or eight days after the first services were furnished; whereas, the act requires that such notice shall be given within five days. Service of this notice within five days was not a condition precedent to recovery for the services rendered in this case. While it is made the duty of the town authorities to notify the county officers that a pauper within its borders is a county charge, such notice is for the purpose of enabling the county to remove him to the county poor farm, or otherwise care for him, as they see fit, and the sufficiency of the notice for that purpose is not involved in this action.

Order affirmed.