## COUNTY OF REDWOOD v. CITY OF MINNEAPOLIS.[1]

October 29, 1915.

Nos. 19,408—(69).

**Second appeal — law of the case.**

1. The opinion of the court on a former appeal is the law of the case on a subsequent one when the evidence is the same in each; and when different it is the law of the case so far as it is applicable.

**Same — recovery of expense of care of pauper.**

2. In this case, an action to recover for support and medical attention given by the plaintiff to a poor person having a settlement in the defendant city, the only substantial difference in the evidence on the first and second trials was as to whether such person could have been removed from Redwood county to Minneapolis with safety. The city having disclaimed responsibility for the care of such person, and the question of the place of settlement upon application of the plaintiff having been submitted to the board of control, the defendant answering thereto, and the application being pending, it is *held* that, even if such person could have been removed with safety, that fact was not such a differentiating circumstance as to change the law as stated on the first appeal; and that as a matter of law the plaintiff is entitled to recover.

Action in the district court for Hennepin county to recover $741.80 for medical care and burial expenses incurred in behalf of Nellie L. Risch. The case was tried before Jelley, J., who at the close of the testimony denied defendant's motion to dismiss the action and plaintiff's motion for a directed verdict for the sum of $693.40 and interest, and a jury which returned a verdict for $651.81. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

[1]Reported in 154 N. W. 660.

Note.—As to conclusiveness of prior decisions on subsequent appeal, see note in 34 L.R.A. 321.

*C. D. Gould,* City Attorney, and *W. G. Compton,* Assistant City Attorney, for appellant.

*Albert H. Enerson,* County Attorney, and *John F. Bernhagen,* for respondent.

DIBELL, C.

Action by the county of Redwood against the city of Minneapolis to recover for support and medical attention given to one Nellie Risch, a poor person having a settlement in Minneapolis. Verdict for the plaintiff. The defendant appeals from the order denying its alternative motion for judgment or for a new trial.

1. A former appeal of this case is reported in 126 Minn. 512, 148 N. W. 469. The opinion on that appeal recites the facts fully.

When the evidence on a second appeal is the same as on the first the opinion on the first is the law of the case, and, when the evidence is different, the opinion on the first is the law of the case so far as it is applicable. 1 Dunnell, Minn. Dig. § 398, and cases cited.

2. On the former appeal the court held that the defendant was liable to the plaintiff and that there was left for determination only the amount of recovery. The evidence on the second trial is substantially the same with this exception: On the first trial it was admitted that the young woman in question could not be safely removed from Redwood county to Minneapolis during the time support and medical attention were given her by the county; and on appeal this court so stated the fact. On the second trial there was evidence from which it could be found that she could have been removed with safety. The court charged the jury that the plaintiff was entitled to recover the value of the support and attention given her by Redwood county. The only question is whether the court should have left it to the jury to find whether she could have been removed to Minneapolis with safety. Upon a consideration we are brought to the conclusion that this question, even if found in favor of the city, was not such a differentiating circumstance as to change the rule of liability as stated on the first appeal. The question of removal to Minneapolis was taken up by the county attorney of Redwood with the city authorities of Minneapolis. The city disclaimed responsibility. Redwood county applied to the board of control for a

determination of the place of settlement of the young woman. The city appeared and answered. The board of control found her place of settlement to be Minneapolis. This determination was not made until after her death. It is clear that Minneapolis was her place of settlement. Under these circumstances we think that nothing in G. S. 1913, §§ 3072, 3083 (R. L. 1905, §§ 1489, 1500), relative to the return of a poor person to the place of his settlement, put upon Redwood county the duty of returning the young woman to Minneapolis. When Minneapolis, with knowledge that she was receiving support and medical attention from Redwood county, disclaimed responsibility, and was unwilling to receive her, the county authorities of Redwood were not bound to bring her there.

Order affirmed. _____