## IN THE MATTER OF FRANK J. LESLIE AND OTHERS. COUNTY OF STEELE v. COUNTY OF WASECA.[1]

February 11, 1926.

No. 25,167.

**Legal settlement of pauper not lost by residence out of Minnesota for less than a year.**

A legal settlement, under Minnesota statutes for relief of the poor, was not lost, under the circumstances of this case, by residence out of the state for less than one year. Nor was it changed to another county wherein, upon their return to the state, the family resided for less than one year.

Paupers, 30 Cyc. pp. 1077 n. 25; 1105 n. 97; 1106 n. 1; 1108 n. 18 New.

Proceeding in the district court for Steele county to determine the legal settlement of a family. The matter was heard by Senn, J., who found that the legal residence of the family was in Steele county and not in Waseca county. The county of Steele appealed from the order and judgment. Reversed.

*Harold S. Nelson*, for appellant.
*George E. Child*, for respondent.

STONE, J.

This is a proceeding under chapter 378, p. 487, L. 1925, to determine the legal settlement of a family, the judgment being that such settlement was in Steele and not in Waseca county. The former appeals.

Having at that time an unquestioned settlement in Waseca county, on October 20, 1923, Mr. Leslie and his family, abandoning their residence in Minnesota and intending to acquire a domicile in Wisconsin, moved to the latter state. They resided there until June 18, 1924, when they returned to Waseca county, remaining there with friends until July 5, 1924. The family then removed to Hop-

[1] Reported in 207 N. W. 323.

kins, in Hennepin county, and sojourned there for two months, again returning to Waseca county about September 5, 1924. There they again remained with friends until October 1, 1924, when they moved to Steele county. There the father obtained employment and there the family has resided and been domiciled ever since. June 15, 1925, Mr. Leslie applied for and received aid from the poor fund of Steele county.

The question thus presented is determined by section 3161, G. S. 1923, a part of the chapter dealing with relief of the poor. So far as here material, it reads as follows:

"Every person * * * who has resided one year continuously in any county, shall be deemed to have a settlement therein * * *. Every person who has resided one year continuously in the state, but not in any one county, shall have a settlement in the county in which he has longest resided within such year, * * *. Each month during which he has received relief from the poor fund of any county or municipality, shall be excluded in determining the time of residence hereunder.

"A settlement in this state shall be terminated and lost by:

"(1) Acquiring a new one in another state.

"(2) By voluntary and uninterrupted absence from this state for a period of one year with intent to abandon his residence in the state of Minnesota."

It is our opinion that the settlement which this family had in Waseca county in October, 1923, has not been lost. They did not acquire a new one in Wisconsin, for they were not there the time required for that purpose by the laws of that state. Their absence from this state was much less than the year of "voluntary and uninterrupted absence" which under our statute terminates a settlement. The settlement in Minnesota not having been lost, the problem remains as between the two counties.

It was found below that the family returned from Wisconsin June 18, 1924. This proceeding was commenced by service of the notice June 17, 1925. If that were the decisive date, the family lacked a day of having resided in the state one year continuously.

But, for the purpose of determining "the time of residence here-under," that is, for the purpose of determining that time for all purposes of the statute, June, 1925, must be excluded because during that month Mr. Leslie procured relief from the poor fund of Steele county. So. the family's last residence in Minnesota must be considered as of May 31, 1925, and on that date had continued for substantially less than a year. In consequence there is no application for the provision of the statute concerning residence for "one year continuously in the state, but not in any one county." It was on that, apparently, that the decision below was placed.

In October, 1923, the family had a legal settlement in Waseca county. It is the general rule that such a settlement is lost only when another is acquired elsewhere. 30 Cyc. 1105. Inhabitants of Williamsburg v. Inhabitants of Adams, 184 Mass. 263, 68 N. E. 230, Treasurer v. City of Boston, 229 Mass. 83, 118 N. E. 284. Independently of statutory or other context to the contrary, settlement is a different thing from domicile or residence. In Town of Louriston v. Swift County, 89 Minn. 91, 93 N. W. 1052, they were considered synonymous by reason of such a statutory context. The problem in that case was to allocate the burden, not of supporting poor people but of caring for a person afflicted with contagious disease. Its decision was controlled by statutes other and different from the one which is decisive here. Upon that ground the case was distinguished in County of Redwood v. City of Minneapolis, 126 Minn. 512, 148 N. W. 469, wherein settlement is defined as the place where a person "has a legal right to support if he becomes a public charge," a definition which automatically distinguishes settlement from residence or domicile.

Judgment reversed.