## VILLAGE OF GROVE CITY v. TOWNSHIP OF MANANNAH.[1]

December 26, 1930.

No. 28,299.

*Alva R. Hunt,* for appellant.
*George J. Andrews,* for respondent.

HILTON, J.

This is a proceeding under L. 1925, p. 487, c. 378 (1 Mason, 1927, §§ 3161-1 to 3161-5) to have determined the place of settlement of certain poor persons (William Abitz and members of his family). It was originally brought in justice court, as provided by statute. The finding in that court was that the place of settlement was in the village of Grove City.

[1]Reported in 233 N. W. 875.

An appeal was taken to the district court, where a trial de novo was had upon an agreed statement of facts. The decision of the justice court was reversed and a determination made that the place of settlement was in the township of Manannah. This is an appeal from that determination as evidenced by a judgment duly entered. Grove City, Manannah township, and Union Grove township are in the county of Meeker, Minnesota. It has the town system of caring for the poor.

G. S. 1923 (1 Mason, 1927) § 3161, provides:

"Every person * * * who has resided one year continuously in any county, shall be deemed to have a settlement therein, if it has the county system; if it has the town system, he shall have a settlement in the town, city or village therein in which he has longest resided within such year. * * * "

"The place of a person's settlement * * * is the place where he has a legal right to support if he becomes a public charge. It is not necessary that a person be poor or dependent in order to have a settlement. Every person, with certain defined exceptions, has a settlement upon residence for a given length of time." County of Redwood v. City of Minneapolis, 126 Minn. 512, 148 N. W. 469.

Mr. Abitz and his family had resided in Meeker county one year, two months, and three days immediately preceding January 19, 1929, the date of his application for aid from Grove City. Of the period of Meeker county residence referred to four months and 15 days were spent in the township of Union Grove, six months and eight days in Manannah township, and three months and ten days in Grove City. Of the year immediately preceding his application to Grove City for aid but one month and seven days thereof had been spent in Grove City. Abitz was in Manannah the longest period during that year.

Grove City furnished aid, notified Manannah of the conditions, and demanded that the latter take care of the family. Manannah refused, denying liability. It was not necessary that the village bring the proceeding at once. County of Douglas v. Township of Dead Lake, 179 Minn. 251, 228 N. W. 929.

For several years immediately prior to taking up his residence in Union Grove, Abitz had a settlement in Stearns county, Minnesota. Appellant's counsel argues that during the year following such removal into Meeker county, Stearns county remained his residence for the purpose of poor aid and that any subdivision in Meeker county that might furnish aid during that period could recover the same from Abitz's place of residence in Stearns county. In this he is correct. He further contends that the year of continuous residence referred to in the above quoted statute does not begin to run until one year has expired from the time Abitz left Stearns county. This contention is not sound. The one year referred to in the statute is the year immediately preceding the application for aid. When Abitz had resided continuously in Meeker county for one year, liability to furnish poor aid was established therein. Had the county system been there in force, Meeker county would have been obliged to furnish the aid.

However the town system existed, and Manannah, the subdivision in which Abitz had resided the longest time within the year, must bear the burden of furnishing the aid. County of Douglas v. Township of Dead Lake, 179 Minn. 251, 228 N. W. 929; County of Steele v. County of Waseca, 166 Minn. 180, 207 N. W. 323; City of Willmar v. County of Kandiyohi, 167 Minn. 178, 208 N. W. 648.

Judgment affirmed.