CITY OF MOORHEAD v. TOWN OF FLOWING.[1]

November 27, 1931.

No. 28,510.

[1]Reported in 239 N. W. 217.

510

*James M. Witherow*, for appellant.
*James A. Garrity*, for respondent.

DIBELL, J.

This proceeding is one to determine between the plaintiff and the defendant the place of settlement of Halvor Olson, a poor person. It was tried in the district court on appeal from a justice of the peace. L. 1925, p. 487, c. 378, 1 Mason, 1927, § 3161-1 to § 3161-3. The court found that Olson's settlement was in the defendant town. It appeals from the order denying its motion for a new trial.

Halvor Olson was born in Norway. He came to this country in 1893. He first went to Redwood county. He had no family. He was a wanderer. He returned to Norway and then was back in this country. He entered a homestead in Roseau county and commuted his entry. He lived at Duluth one or more times for short periods. He was in South Dakota several times but not for long at a time. He went to Alaska. He was a carpenter and worked as he could get employment. He had a bad arm. He went into the defendant town of Flowing the early part of 1922. He lived on the farm of a lady, who let him stay without charge, from January 31, 1923, until October 21, 1923. He was raising poultry

in a small way. It is gathered from the record that he knew the people of Flowing or in the near by country; perhaps knew them from the old country; and anyway was on friendly terms with them. They helped him. His residence in Flowing was such as to justify the finding that he had a settlement there, and this was the court's finding. He left and went to Moorhead in the latter part of 1923. He was not then a pauper. He paid his way for a while, received treatments from a masseur, and paid for them. He was finally taken into the home of the masseur and while there became a public charge. The testimony is that he received aid from the county from about March 15, 1924.

The statute, G. S. 1923 (1 Mason, 1927) § 3161, relative to the settlement of a poor person in a county or township, is as follows:

"Every person, except those hereinafter mentioned, who has resided one year continuously in any county, shall be deemed to have a settlement therein, if it has the county system; if it has the town system, he shall have a settlement in the town, city or village therein in which he has longest resided within such year. Every person who has resided one year continuously in the state, but not in any one county, shall have a settlement in the county in which he has longest resided within such year, if it has the county system; if it has the town system, his settlement shall be in the town, city or village therein in which he has longest resided within such year. The time during which a person has been an inmate of a hospital, poorhouse, jail, prison, or other public institution, and each month during which he has received relief from the poor fund of any county or municipality, shall be excluded in determining the time of residence hereunder. Every minor not emancipated and settled in his own right shall have the same settlement as the parent with whom he has resided."

Olson's residence in Moorhead, at the time he commenced to receive public aid, was not sufficiently long to give him a settlement under the township system. § 3161. As between Flowing, where Olson had lived the most of the year, and Moorhead, basing the settlement under the township system, Olson's settlement was in

Flowing. He had lived there most of the time for the year preceding.

The cases are collected in the recent cases of Town of Smiley v. Village of St. Hilaire, 183 Minn. 533, 237 N. W. 416, and Village of Grove City v. Township of Manannah, 182 Minn. 197, 233 N. W. 875. And see 5 Dunnell, Minn. Dig. (2 ed. & Supp.) § 7426, et seq.

■ The difficulty comes because of the change from the county system to the town system, the county system having been long in vogue in Clay county—from the beginning, so far as we know. The statute relative to a change from one system to another is G. S. 1923 (1 Mason, 1927) § 3164. It provides a change on the vote of the county.

On January 7, 1929, pursuant to an election theretofore held, Clay county came under the township system of caring for the poor. Before that date and from March 15, 1924, Olson had received aid from Clay county under the county system while living in Moorhead.

If there had been no change from the county system to the town system there would be no controversy. The embarrassment arises from the fact that for all the years that Olson was a charge he was a charge upon the county and never upon Moorhead or the town of Flowing. This was because the law applicable was that pertaining to the county system. When the voters adopted the town system the township became liable for the poor persons having settlements within their border. Whether they had settlements was to be determined by the statute, as it was all along under the town system. This would put the place of settlement of Olson in Flowing. It could not be in Moorhead. The result is not entirely satisfactory. It is as logical as any other. The only other that suggests itself is that the county upon the change to the township system continue its care of the poor which by the conditions of the law of the township systems fell upon the townships. There is some force in an argument to that effect. It was hardly intended by the legislature. The situation presented is a little anomalous, but the result is practicable; or as practicable as can be devised

under the conditions. Whether the change is advantageous to the towns or to the county we do not know. Anyway the voters want it.

No case in direct point is cited. In Cassidy v. City of Little Falls, 189 App. Div. 527, 179 N. Y. S. 493, 497, where the supervisors of the county abolished the distinction between town poor and county poor and a few years later restored the distinction, the court held that the status of the poor person did not become fixed because his support was charged to the county and after the distinction was restored the town became liable. The facts and the issues were different. However, the situations were so alike that the language of the court has significance [189 App. Div. 533]:

"It is entirely clear that where the distinction between town poor and county poor is abolished, the towns cease to be liable for the support of the town poor who had been receiving relief from the towns down to the time of the change, as already appears. There is no reason why, upon the revival or restoration of the distinction between town poor and county poor, those who at the time of such revival and restoration are receiving support from the county and except for the former law would have been classified as town poor and would in fact have been town poor, should not receive their support from the towns. And the truth is that all the legislation needed to carry out the determination of a board of supervisors to restore the distinction between county poor and town poor in its county exists, and did exist, when the board of supervisors of the county of Herkimer determined to restore the distinction between town poor and county poor and that determination took effect."

The defendant urges that Moorhead is estopped to deny that Olson had a settlement there because he received aid at Moorhead and lived there for a number of years. Moorhead gave him no aid. It was the county that furnished him support, and it might as well have given him support in another part of the county had it chosen. G. S. 1923 (1 Mason, 1927) § 3165. That the relief was directed by the county commissioner of the district in which Moorhead is and which is not the one in which Flowing is a part

is not of significance. By giving relief in one township or another, at the direction of one or another of the county board, the settlement of a poor person was not established; nor did such action estop the township in which the poor person was given public aid. Nor did the fact that Olson was allowed to vote in Moorhead fix his place of settlement. Moorhead did not determine his right to vote.

Order affirmed.

