## IN RE SETTLEMENT OF F. H. JOHNSON.
## COUNTY OF KANABEC v. COUNTY OF PINE.[1]

May 26, 1933.

Nos. 29,297, 29,300.

[1]Reported in 248 N. W. 710.

162

*Michael B. Hurley,* for appellant.
*George L. Angstman,* for respondent.

*HILTON, Justice.*

Pine county appeals from an order denying its motion for a new trial in case No. 29,300 and from a judgment in case No. 29,297.

Kanabec and Pine counties are each operating under the county system of administering relief to the poor. One F. H. Johnson and his family moved to Pine county on March 31, 1929, and there remained until April 21, 1930, when they moved to Kanabec county, wherein they have resided ever since. On March 30, 1931, Johnson was a poor person to whom Kanabec county gave temporary relief in the sum of $20. On April 29, 1931, proceedings were instituted under L. 1925, p. 487, c. 378, by Kanabec county against Pine county wherein Kanabec county gave notice that on June 17, 1931, it would apply to the district court for an order establishing the settlement of Johnson. The hearing was held on the latter date, and on June 27, 1931, the court made an order determining that the place of legal settlement of Johnson was Pine county on March 30, 1931, the date when aid was given, and on April 29, 1931, the date the proceedings were instituted.

On July 8, 1931, Johnson was again a poor person in need of aid, and on that date received a further sum of $20 from Kanabec

county. In December, 1931, claims were filed by Kanabec county for the two items above mentioned. The claims were rejected, and thereafter an action to recover the sum thereof was instituted and resulted in a judgment in favor of Kanabec county and against Pine county for the $40, interest and costs. This was the judgment appealed from.

The district court found that at the date of that judgment no appeal had been taken from the order made on June 27, 1931, determining the legal settlement of Johnson, but that an appeal was contemplated and that the time to appeal from such order had not expired. In its memorandum the court stated that the action to recover the $40 should not have been brought until after the order in the legal settlement case had become final, but that it was brought so that appeals might be taken in both cases and reviewed in this court at the same time.

L. 1925, p. 487, c. 378, § 2, 1 Mason Minn. St. 1927, § 3161-2, provides the manner in which the proceedings for the determination of settlement of poor persons shall be instituted. This section provides:

"Whenever a dispute shall arise between two or more counties * * * as to the place of settlement of any poor person, any such county * * * may serve upon the other or others a notice that it will on a day certain, not less than five days after the service of such notice, apply to a judge of the district court * * * for the determination of the settlement of such poor person * * *."

In this case the notice was given on April 29, 1931. This was the beginning of the proceedings.

1 Mason Minn. St. 1927, § 3161, provides:

"Every person, except those hereinafter mentioned, who has resided one year continuously in any county, shall be deemed to have a settlement therein, if it has the county system; * * * and each month during which he has received relief from the poor fund of any county or municipality, shall be excluded in determining the time of residence hereunder. * * *"

Johnson had resided in Pine county for more than one year without becoming a poor person, and had a legal settlement therein on the date of his removal to Kanabec county. "A poor person who has a legal settlement in a particular county retains it until he acquires a new settlement in another county, or loses it by removing from the state." City of Willmar v. County of Kandiyohi, 167 Minn. 178, 208 N. W. 648. To acquire a new settlement in another county the poor person must have resided therein continuously for one year exclusive of each month during which he received relief from the poor fund. 1 Mason Minn. St. 1927, § 3161. On the date of his application for and receipt of relief from Kanabec county Johnson had not resided in Kanabec county one year. Excluding the month of March, he had not resided in that county for one year at the date of the institution of the proceeding and had not acquired a new settlement therein. See Township of Petersburg v. City of Jackson, 186 Minn. 509, 243 N. W. 695; Town of Smiley v. Village of St. Hilaire, 183 Minn. 533, 237 N. W. 416; Village of Grove City v. Township of Manannah, 182 Minn. 197, 233 N. W. 875; County of Steele v. County of Waseca, 166 Minn. 180, 207 N. W. 323.

The relief granted to Johnson on his application in July presents a different question. On July 1, 1931, he had resided in Kanabec county more than one year, exclusive of the month for which aid was granted in March, and his settlement was then in Kanabec county, no proceeding having been taken by that county to have him removed to Pine county under the provisions of 1 Mason Minn. St. 1927, § 3173. Pine county was not liable for the July relief unless, by reason of the pendency of the litigation herein, Kanabec county was excused from causing his removal to Pine county. The removal statute was held constitutional and valid in Lovell v. Seeback, 45 Minn. 465, 48 N. W. 23, 11 L. R. A. 667. But Pine county has throughout this litigation contended that it was not the county of Johnson's settlement at any of the times when relief was furnished. It was proper for Kanabec county to leave matters as they were until the final determination of the present litigation and not to open a new controversy by attempting to remove Johnson to Pine

county, which denied that he belonged there. In County of Redwood v. City of Minneapolis, 131 Minn. 41, 154 N. W. 660, this court held that the statute relating to the return of a poor person to the place of his settlement put upon Redwood county the duty of returning the young woman, to whom aid was extended by Redwood county, to Minneapolis, where she had her settlement, but that when Minneapolis disclaimed responsibility and was unwilling to receive her Redwood county was not bound to take her there. The same rule applies here.

Order and judgment affirmed.