CITY OF DETROIT LAKES v. VILLAGE OF LITCHFIELD AND ANOTHER.
TOWNSHIP OF DARWIN, APPELLANT.[1]

June 25, 1937.

No. 31,263.

[1]Reported in 274 N. W. 236.

*Sam G. Gandrud,* for appellant.

*Lowell W. Benshoof,* for respondent City of Detroit Lakes.

*L. A. Gayner,* for respondent Village of Litchfield.

HOLT, JUSTICE.

The township of Darwin in Meeker county appeals from a judgment adjudging the settlement of Thomas Eggers, his wife, and minor child, poor persons, to be in said township and that it be charged with the responsibility of furnishing them with the necessary aid, and that plaintiff and the village of Litchfield are exempt therefrom.

The proceeding is brought under 3 Mason Minn. St. 1934 Supp. §§ 3161-1 to 3161-4. The trial was to the court, and findings of fact and conclusions of law were duly filed. Two findings of fact are attacked by the assignments of error, *viz.:* (a) That the pauper, Thomas Eggers, when he left the township of Darwin, Meeker county, this state, in June, 1934, for Madison, Wisconsin, for temporary employment, intended to return to the county of Meeker after the expiration of the employment; (b) that Thomas Eggers has a settlement in the township of Darwin. The conclusions of law are also assailed.

These facts are undisputed: In October, 1933, Thomas Eggers, single, about 25 years of age, left his home in North Dakota and came to the village of Litchfield, Meeker county, this state, to find work. He worked in the village and the adjacent township of Litchfield until about April 1, 1934, when he was hired as a farm hand by a farmer in the township of Darwin, where he worked until the first part of June, 1934. He then quit and went to Madison, Wisconsin, to work for a company engaged in erecting silos in that state and the state of Illinois. In the first part of November, 1934, he returned to the village of Litchfield, and on the 10th day of that month rehired to the farmer in township of Darwin for whom he was working at the time he quit to go to Wisconsin, and stayed at that work until April 25, 1935, when he went to Detroit Lakes,

Becker county, where he has since resided. He there applied for relief in the last part of January or the first part of February, 1936. At that time he had a wife and small child. The record does not show when or where Eggers married, but it is to be inferred that he was married after he came to Detroit Lakes.

The particular objection to the first finding above referred to is in the part stating that Eggers, when leaving his employment with the farmer in the township of Darwin, went to the state of Wisconsin for a temporary employment, "intending to return to the county of Meeker." It is claimed that the evidence does not support either that his purpose was to obtain temporary work or that he intended to return to Meeker county. There is testimony that he knew before he went that his work for the silo company in Madison, Wisconsin, would cease when winter set in; and it also appears that when he quit the farmer in the township of Darwin there was talk that if Eggers returned in the fall the farmer might have a job for him. We think there is evidence supporting the finding; but that finding does not have much bearing upon the conclusions of law. Intention of the pauper with respect to settlement is not of much significance. The fact of remaining or living at a place regardless of intention to make it one's domicile is what counts in determining a pauper's settlement. Town of Smiley v. Village of St. Hilaire, 183 Minn. 533, 237 N. W. 416.

The other finding of fact assailed controls the conclusions of law, and, if not sustained, leads to a reversal of the judgment, namely, the one that Eggers "has a settlement in the township of Darwin." The evidence is conclusive that Eggers had no settlement in this state when in June, 1934, he left Meeker county for Madison, Wisconsin, for he had then stayed or resided in the state only nine months. His home was in North Dakota. He had been in the employ of the silo company at Madison, Wisconsin, before. In 1929 he worked for it for a period of more than a year continuously. When he left this state in June, 1934, he was a rover living or staying wherever he could find work. While in this state he resided with the one for whom he worked. At Madison, Wisconsin,

he rented a room where he kept his things. The statute, 3 Mason Minn. St. 1934 Supp. § 3161, so far .as here pertinent reads:

"Every person * * * who has resided one year continuously in any county, shall be deemed to have a settlement therein, * * *. Every person who has resided one year continuously in the state, but not in any one county, shall have a settlement in the county in which he has longest resided within such year, if it has the county system; if it has the town system, his settlement shall be in the town, city, or village therein in which he has longest resided within such year. * * *

"A settlement in this state shall be terminated and lost by:

"(1) Acquiring a new one in another state.

"(2) By wilful absence for a period of 30 days from this state.

"(3) By acquiring a new one in this state."

We need not concern ourselves with the manner in which a settlement can be terminated or lost, for when Eggers left for Madison, Wisconsin, he had none to terminate or lose in this state. By the plain reading of the statute no settlement can be obtained in this state except by one year's continuous residence. So his nine months' stay in this state up to June 1, 1934, cannot be tacked to any of the period of his stay after his return from his five months' residence in Wisconsin. The one-year continuous residence must begin not earlier than when he returned to Minnesota in the first part of November, 1934. And as between the city of Detroit Lakes and the township of Darwin, the place of settlement is where he resided longest during the year next preceding his request for relief. He applied for relief either the latter part of January or the first part of February, 1936. He had then resided in Detroit Lakes since April 25, 1935. Plaintiff relies on In re Leslie, 166 Minn. 180, 207 N. W. 323; City of Willmar v. County of Kandiyohi, 167 Minn. 178, 208 N. W. 648; In re Settlement of Spangler, 186 Minn. 509, 243 N. W. 695. But it is to be noted that in each case the pauper had a settlement in this state by a continuous one year's residence therein before there was a temporary move to another state or county. Not so here. In June, 1934, at the time Eggers

left for Madison, no proceeding could have been maintained to establish his settlement in the township of Darwin, for he had been in this state only nine months. It is also probably true, as far as this record indicates, that at no time while Eggers resided in Meeker county could a settlement proceeding have been maintained, for he was apparently capable of supporting himself and sought no aid. In re Settlement of Rudquist, 187 Minn. 331, 245 N. W. 365. However that may be, it seems that under the plain reading of the statute no single person coming from another state can obtain a pauper settlement until he has resided one year continuously in this state. Two periods of less than a year each separated by a five months' residence outside the state cannot be tacked together or combined so as to comply with the statutory requirement of a residence for one year continuously in the state. We think the finding of fact that Eggers has a settlement in the township of Darwin is demonstrably wrong.

As stated above, the responsibility as between the plaintiff and defendants, the one in which Eggers resided the longest period of the year next preceding his application for aid fixes his settlement. County of Douglas v. Township of Dead Lake, 179 Minn. 251, 228 N. W. 929; Village of Grove City v. Township of Manannah, 182 Minn. 197, 233 N. W. 875; Town of Smiley v. Village of St. Hilaire, 183 Minn. 533, 237 N. W. 416; City of Moorhead v. Town of Flowing, 184 Minn. 509, 239 N. W. 217. In In re Settlement of Johnson, 189 Minn. 161, 248 N. W. 710, and Town of Hagen v. Town of Felton, 197 Minn. 567, 267 N. W. 484, the paupers in the first case had a settlement in Pine county before moving to Kanabec, where relief was obtained before a year's residence in the county had given them a settlement there; and in the last cited case it was held that the paupers had lost or terminated their pauper settlement in one township by buying a farm in another town and being then self-supporting for more than two years.

The judgment is reversed and the case is remanded with direction to amend the findings in conformity with this opinion so as to enter judgment that the settlement of Thomas Eggers, his wife,

354

and minor child is in the city of Detroit Lakes, and not in either of defendants.

