## IN RE SETTLEMENT OF JAMES GADBAW.
## VILLAGE OF LONG PRAIRIE AND TOWN OF IONA v. TOWNSHIP OF BURLEENE.[1]

April 24, 1942.

No. 33,145.

*Barron & Bradford,* for appellant.
*Frank L. King,* for respondent Town of Iona.
*Joyce S. Lewis,* for respondent Village of Long Prairie.

PETERSON, JUSTICE.

This is a proceeding to determine the legal settlement of a pauper for poor relief purposes.

The petition is dated December 30, 1939. Service was had on January 2, 1940. It does not definitely appear when the pauper applied for poor relief, but apparently it was about October 15, 1939.

[1]Reported in 3 N. W. (2d) 490.

1. The pauper had his settlement somewhere in Todd county, which operates under the township system. The case is governed by Mason St. 1927, § 3161, which so far as here material provides that:

"Every person, except those hereinafter mentioned, who has resided one year continuously in any county, shall be deemed to have a settlement therein, if it has the county system; if it has the town system, he shall have a settlement in the town, city or village therein in which he has longest resided within such year."

The statute further provides that the time during which the pauper has received poor relief from the poor fund of any county or municipality shall be excluded in determining the time of residence thereunder.

"The year contemplated by the statute is the year ending the last day of the month immediately preceding the month in which aid is applied for and granted." In re Settlement of Venteicher, 202 Minn. 331, 337, 278 N. W. 581, 585. In the instant case the year is that immediately preceding September 30, 1939.

The dispute was among the towns of Iona, Burleene, and Leslie and the village of Long Prairie, all in Todd county. The court below found that the pauper had resided longest during the year in question in the town of Burleene and held that that town was the place of his legal settlement. In reviewing the evidence to determine whether it sustains the finding, we quite agree with the court below that the evidence is about as conflicting as it could be. Making due allowance for that circumstance, we believe that the evidence supports the finding. During the period here material prior to April 15, 1939, the pauper received poor relief from Long Prairie; hence that period is not to be counted. From April 15 to July 25, a period of 101 days, he lived in Burleene township, where he worked for one Erickson and was self-supporting. From July 26 to October 1, a period of 67 days, he lived in Iona township, where he likewise was self-supporting. From October 1, 1939, to the date of trial, which is not within the determinative

year, he received poor relief from the town of Iona, the Todd county welfare board, and perhaps other sources. The evidence therefore shows that he resided longest in Burleene township during the time which could be counted under the statute. It follows as a conclusion that that township was his place of legal settlement.

We have taken notice of Mason St. 1940 Supp. § 3161 (L. 1939, c. 398, § 1, which became effective April 22, 1939), amending Mason St. 1927, § 3161, making the period of residence two years instead of one year, but the amendment is inapplicable here because it should be construed as prospective and not retroactive in operation. In re Settlement of Baalson, 211 Minn. 96, 300 N. W. 204.

2. The village of Long Prairie is not estopped to deny that it is the pauper's legal settlement because he received poor relief while he was there. City of Moorhead v. Town of Flowing, 184 Minn. 509, 239 N. W. 217.

The judgment should be affirmed.

Affirmed.