## CITY OF WILLMAR v. COUNTY OF KANDIYOHI.[1]

April 23, 1926.

No. 25,355.

**Legal settlement of pauper.**

1. A poor person who has a legal settlement in a particular county retains it until he acquires a new settlement in another county, or loses it by removing from the state.

[1]Reported in 208 N. W. 648.

**What is necessary for acquisition of new settlement in another county.**
2. To acquire a new settlement in another county he must reside continuously for one year in that county.

Paupers, 30 Cyc. p. 1105 n. 97.

Defendant appealed from the judgment of the district court for Kandiyohi county, Qvale, J., in favor of plaintiff. Affirmed.

*Charles Johnson* and *R. G. Cushing,* for appellant.

*R. W. Stanford,* for respondent.

TAYLOR, C.

Defendant appeals from a judgment of the district court in favor of plaintiff for the sum of $498.67 for poor relief furnished to Arthur Peterson and his family.

The case was submitted upon a stipulated statement of facts, and the sole controversy is whether the legal settlement of Peterson was in the county of Stevens as claimed by plaintiff or in the city of Willmar in the county of Kandiyohi as claimed by defendant. The county of Stevens has the county system of caring for the poor; the county of Kandiyohi has the town system.

For more than two years immediately preceding October 15, 1923, Peterson and his family resided continuously in Stevens county. On that date he removed with his family to the city of Willmar in Kandiyohi county. He was self-supporting at all times prior to May, 1924. In May, 1924, he became seriously ill and solely by reason of such illness became in need of and received the relief in question.

The statute provides that:

"Every person * * * who has resided one year continuously in any county, shall be deemed to have a settlement therein, if it has the county system; if it has the town system, he shall have a settlement in the town, city or village therein in which he has longest resided within such year. Every person who has resided one year continuously in the state, but not in any one county, shall have a settlement in the county in which he has longest resided within such year, if it has the county system; if it has the town

system, his settlement shall be in the town, city or village therein in which he has longest resided within such year." G. S. 1923, §3161.

Defendant contends that under this statute the legal settlement of a poor person who has resided in the state continuously for more than one year is in the county in which he has longest resided during the year immediately preceding the application for relief, and that Peterson having resided in Willmar more than six months before applying for relief his legal settlement is in that city. We think the statute will not bear the construction which defendant seeks to give it. It is conceded that Peterson had a legal settlement in Stevens county before removing to Willmar. He retains that settlement until he acquires a settlement elsewhere or loses it by removing from the state. County of Steele v. County of Waseca, 166 Minn. 180, 207 N. W. 323. To acquire a settlement elsewhere he must reside continuously for one year in another county.

The second provision of the section applies only to those who have resided one year continuously in the state, but have not resided one year continuously in any one county. It does not apply to the present case, for Peterson had resided two years continuously in Stevens county. Whether the year referred to in the second provision is the year immediately preceding the application for relief as contended by defendant, we leave to be determined when a case involving that question shall arise.

In the Steele county case the party had resided in Steele county for eight months immediately preceding the application for relief, but it was held that he still retained his legal settlement previously acquired in Waseca county as he came within the operation of the first provision of the section. The instant case is also within the first provision of the section and the same rule applies.

Judgment affirmed.