[1] Reported in 243 N.W. 695.
This proceeding originated in the court of a justice of the peace of Jackson county to determine the place of settlement of Albert H. Spangler and his family. There was an appeal to the district court in accordance with the provisions of G. S. 1923 (1 Mason, 1927) § 3161. The facts were stipulated. The district court found that the township of Petersburg in Jackson county was the place of settlement, and judgment was entered. The township appeals. *Page 510 
Spangler and his family were residents of Minnesota from 1926. First they resided in Pine county. On January 2, 1928, they moved to Jackson county. They have been there since except for the time in which they were in Iowa. On March 8, 1930, they had an actual residence and settlement in the town of Petersburg and had had such residence and settlement there for a considerable time. On that date they moved to Iowa and stayed there until September 9, 1930, when they returned and lived in Petersburg until November 15, 1930, then until March 11, 1931, in Jackson, and from March 11, 1931, to April 6, 1931, in Petersburg. Their further residence is unimportant. They became public charges because of the sickness and disability of the head of the family originating in the latter part of 1930.
On March 27, 1931, Spangler made application for poor relief from Petersburg, and it was granted on March 29, 1931. The trial court proposed as a determination of their settlement this question:
"The application in this case was made March 27, 1931, and granted March 29, 1931. Where then did the Spangler family reside in the year beginning March 27, 1931?"
The court found:
"That during the year preceding March 27, 1931, the said Spangler and family resided in the said town of Petersburg from March 27, 1930, to November 15, 1930, and from March 11, 1931, to March 27, 1931, a total of 249 days; that during said year the said Spangler and family resided in the said city of Jackson from November 15, 1930, to March 11, 1931, a total of 116 days; that said Spangler was in a hospital in the month of January, 1931, for a period of 12 days; that the net residence, therefore, in said city of Jackson, excluding the days spent in said hospital, was, and is, 104 days; that said Spangler and family resided in the said town of Petersburg during said year longer than their residence in said city of Jackson.
"That on March 8, 1930, the said Spangler and family had an actual residence and settlement in the said town of Petersburg; that on said date the said Spangler and family moved to and lived *Page 511 
in the town of Manhattan, Dickinson county, Iowa, until September 9, 1930; that said Spangler and family did not gain a residence or settlement in said town of Manhattan and did not lose their residence and settlement in said town of Petersburg."
The statute, G. S. 1923 (1 Mason, 1927) § 3161, is:
"Every person, except those hereinafter mentioned, who has resided one year continuously in any county, shall be deemed to have a settlement therein, if it has the county system; if it has the town system, he shall have a settlement in the town, city or village therein in which he has longest resided within such year. Every person who has resided one year continuously in the state, but not in any one county, shall have a settlement in the county in which he has longest resided within such year, if it has the county system; if it has the town system, his settlement shall be in the town, city or village therein in which he has longest resided within such year. The time during which a person has been an inmate of a hospital, poorhouse, jail, prison, or other public institution, and each month during which he has received relief from the poor fund of any county or municipality, shall be excluded in determining the time of residence hereunder. Every minor not emancipated and settled in his own right shall have the same settlement as the parent with whom he has resided.
"A settlement in this state shall be terminated and lost by:
"(1) Acquiring a new one in another state.
"(2) By voluntary and uninterrupted absence from this state for a period of one year with intent to abandon his residence in the state of Minnesota."
The day from which to compute the six months was either March 27 or March 29, 1931, when poor relief was asked and granted in the town of Petersburg. For the purposes of this case it matters not which date is taken. The Spanglers did not lose their residence or settlement by moving to Iowa. County of Steele v. County of Waseca, 166 Minn. 180, 207 N.W. 323. Other cases are City of Willmar v. County of Kandiyohi, 167 Minn. 178,208 M. W. 648; City of Willmar v. Village of Spicer,129 Minn. 395, 152 N.W. 767; *Page 512 
Village of Grove City v. Township of Manannah, 182 Minn. 197,233 N.W. 875; Town of Smiley v. Village of St. Hilaire,183 Minn. 533, 237 N.W. 116; City of Moorhead v. Town of Flowing,184 Minn. 509, 239 N.W. 217. Counting the time they were in Iowa, they were in Petersburg the greater part of the year preceding the time of asking and getting relief. Spangler was in a hospital for a time, but that fact does not affect the result here. Counsel computes a residence of 92 days in Jackson and, excluding the 166 days in which the Spanglers were in Iowa, contends that they were longest in the city of Jackson. Under the holding of the Waseca case, 166 Minn. 180,207 N.W. 323, they did not lose their settlement in Petersburg township by their absence in Iowa; and, upon returning to Petersburg, the time they were in Iowa was a part of their settlement in Petersburg. Counsel makes a forceful argument in support of the showing that the Iowa time should be eliminated because of the result which might have followed if the Spanglers had moved from town to town in Jackson county for the total period in which they were in Iowa. But the holding in the Waseca case is that such a residence as here was had in Iowa did not take away the settlement in Petersburg. The legislature sought to meet many situations in the way of residence so as to spread the burden equitably; but necessarily many puzzling questions arise. The trial court decided rightly.
Judgment affirmed. *Page 513