# STATE EX REL. LILLIAN TIMO v. JUVENILE COURT OF WADENA COUNTY.[1]

January 27, 1933.

No. 29,361.

*W. B. Cook,* for appellant (relator below).

*Hugh G. Parker,* County Attorney, for respondent.

[1]Reported in 246 N. W. 544.

STONE, JUSTICE.

Appeal from a judgment of the district court, affirming an order of the probate court (reviewed by certiorari), denying relator's petition for a mother's pension. The probate court was functioning as a juvenile court under 2 Mason, 1927, § 8636, et seq.

■ The printed record discloses what is styled a "settled case in narrative form." There is no certificate of settlement. No settled case has been returned to the clerk of this court. It is not for us to ascertain whether there was in fact a settled case, and, if so, to have it sent up. That burden is on counsel for appellant. Inasmuch as the printed record does not disclose a settled case, the only question for us is whether the findings of fact sustain the judgment. 1 Dunnell, Minn. Dig. (2 ed. & Supp.) §§ 344, 387, and 392.

■ For some years before April 6, 1931, petitioner and her husband, citizens of the state, resided in the village of Crosby in Crow Wing county. Both their residence and their settlement under the poor laws were established there. On that date, petitioner, her husband, and their six children moved from Crosby to the village of Menahga, in Wadena county, where Mr. Timo had bought a "small place" on executory contract of purchase. It was his intention and that of relator, his wife, to make it "their permanent home." That remained the intention of both until the death of the husband a few months after, and of petitioner at the time this proceeding was commenced. All the children who are of school age regularly attend school. They are all dependent. That condition is not due to any "neglect, improvidence, or other fault" of petitioner. The family is without means of support other than their own labor, except the equity in the home, which is found not to exceed $300 in value. There are no relatives able to assist in support of the family. Petitioner is a fit and proper person to have custody of her children, whose welfare "will be subserved by permitting them to remain in the custody of their mother." It was further found "reasonably necessary that petitioner be allowed the sum of $50 per month to enable her to bring up said children properly in her home."

The conclusion of law, in both probate and district courts, was that the "residence of petitioner and each of her six minor children is in the village of Crosby, Crow Wing county," and that there was no need for such a pension "because petitioner and her children are receiving support from the village of Crosby, Crow Wing county * * * admittedly liable for the support of petitioner and each of said children." The liability of Crosby so referred to as admitted is not the obligation created by the mother's pension statute, hereinafter considered, but is rather the obligation to furnish support imposed upon the municipality (Crow Wing county operates under the town system of poor relief) by the poor laws. See G. S. 1923 (1 Mason, 1927) § 3161, et seq.

The facts require the conclusion that on the date of her petition relator had been a resident of Wadena county for more than a year. All other conditions precedent established, she was entitled to an award if her residence in the county had continued there for a year or more. G. S. 1923, § 8671(b), as amended, 2 Mason, 1927, id. There is no question of the right of the family, no one having objected, to remove from one county to the other. Neither is there question as to the fact or good faith of their intention to make their home, and so establish residence, in Wadena county, when they moved there April 6, 1931. All that is now lawfully accomplished fact.

It was assumed below that inasmuch as the family, in April, 1931, had its "settlement" for purposes of poor relief in Crow Wing county, and thereafter received aid therefrom, and so could not have acquired another "settlement" anywhere in the state during that year (G. S. 1923 [1 Mason, 1927] § 3161) ; In re Leslie, 166 Minn. 180, 207 N. W. 323) that it did not acquire residence in Wadena county, either when the Timos removed there or at any other time. On that ground both decisions below went against the petitioner.

Settlement for purposes of poor relief and legal residence ordinarily do, but need not, coincide geographically. The terms are not synonyms. Settlement for poor relief is defined and restricted by statute. Residence alone does not always make settlement. It is

not enough to entitle a poor person to relief, other than temporary, in the town or county of residence at the time being. There must be the added elements necessary to convert that residence into settlement under the poor laws. Under G. S. 1923 (1 Mason, 1927) § 3161, the time during which a person has "received relief from the poor fund of any county or municipality shall be excluded in determining the time of residence" necessary to make a settlement. If that also conditions a mother's pension, the decision below is right. Otherwise it is wrong.

■ As pointed out in In re Settlement of Skog, 186 Minn. 349, 243 N. W. 384, the mother's pension law differs from the poor relief law both as to coverage and purpose. The conditions precedent to the two sorts of relief and the standards of need of the beneficiaries are by no means the same. Although the money may, but need not, come from the poor fund (G. S. 1923, § 8672, as amended, 2 Mason, 1927, id.), the mother's pension statute is no part of our poor law, although in result it provides public aid to the needy. The beneficiaries are the children rather than the mother. It contemplates an investment in youth, their education and proper upbringing, and so is prospective in operation, benefit, and social return to a degree not found in the poor laws. It is the newer scheme, and so if there be impingement of one on the other, the older must yield. Settlement is necessary for the relief of a poor person, but it is of no moment in relation to a mother's pension. In the latter case residence, as distinguished from settlement, is essential, and a year's residence is enough. There is in this case the prerequisite year's residence in Wadena county. The other jurisdictional facts found in plaintiff's favor, the application should have been granted.

There may be injustice and questionable logic in permitting a family having a settlement in one jurisdiction and drawing relief from its poor fund to move to another and after a year's residence acquire there a right to relief by a mother's pension. But we cannot affirm on that ground. The legislature is at liberty to ignore logic and perpetrate injustice as long as it does not transgress constitutional limits. So if the law as it stands results in in-

justice, it is for the legislature to remove the cause. It must be done by amendment rather than construction, there being no ambiguity in the later law. It is correctly argued for respondent that we have not adopted "a policy in dealing with our poor persons of permitting the shifting of responsibility through such a practice as Crosby village here attempts." That is beside the point, because whatever has been attempted (we do not say anything has been) the fact remains that the Timo family did acquire residence in Wadena county and maintained it continuously for a year. That is enough, the other conditions precedent established, to entitle petitioner to relief, not under the poor laws, but under that distinct and much more recent measure of relief found in the mother's pension law.

■ The fact that the settlement of the family for purposes of poor relief may remain in Crow Wing county is not a bar to the granting of the petition for a mother's pension from Wadena county. But the right to or receipt of poor relief from Crow Wing county is a factor to be considered in determining the amount to be allowed as a mother's pension. The right to such an award in one county does not relieve another county from its obligation, if any, to furnish poor relief. The latter may be equitably the prior and primary obligation. The extent to which the amount to be awarded petitioner is affected by the continuance of the family settlement in Crosby for poor relief purposes is the only thing requiring further consideration below. The decision should be without prejudice to whatever proceedings the future may bring to determine the "settlement" of the family and the right, if any, to have them removed from Wadena county, under 1 Mason, 1927, § 3161-1, et seq. The issues that will then arise are not involved in this case, whatever collateral effect the one proceeding may have on the other.

The judgment must be reversed and the case remanded for further proceedings not inconsistent with this decision.

So ordered.