## TOWN OF HAGEN v. TOWN OF FELTON.[1]

June 19, 1936.

No. 30,901.

*Christian G. Dosland,* for appellant.
*Garfield H. Rustad* and *Ronald E. Danielson,* for respondent.

HOLT, JUSTICE.

Plaintiff appeals from the order denying its motion for a new trial. The parties are adjoining towns in Clay county. Plaintiff brought this action under 1 Mason Minn. St. 1927, §§ 3161-1 to 3161-5, to determine the settlement of Ed Vincent, Blanch Vincent, and their children, alleged paupers. There was a trial, and the district court made findings of fact and conclusions of law that

[1]Reported in 267 N. W. 484.

the family named had a settlement in the plaintiff town and that it be charged with the responsibility of furnishing aid to the same in the future.

Counsel for plaintiff states: "All of the assignments of error raise but one question, namely: Have the paupers acquired a settlement in the town of Hagen under the circumstances reflected by the record in this case." The findings of fact, fully sustained by the evidence, are, in substance, that in the spring of 1931, when the Vincent family had had a settlement in the town of Felton for about two years, the latter made an agreement with the town of Hagen whereby the town of Felton would lease a certain farm in the town of Hagen for a year to be occupied by the Vincents on condition that the town of Felton would furnish them relief. This agreement was kept. In June, 1931, the probate court of Clay county granted a mother's pension to Blanch Vincent, which has since been paid monthly, being now $35 a month. The two oldest sons worked in 1933 for the Federal Emergency Relief Administration. Ed Vincent, the father, is a cripple unable to do any manual labor. In the summer of 1931 Blanch Vincent bought the farm the town had leased for their use and obtained a contract for deed thereto but paid no part of the consideration. This contract for deed was canceled in the spring of 1935, when the Vincents removed to another farm in the town of Hagen. For more than four years prior to the institution of this proceeding the Vincents have received no aid from the poor fund of the town of Felton or from the town of Hagen, or from any other municipality, except that some members have received aid from the relief set-up of the federal government. The town of Hagen at one time during this period paid for an emergency operation which a small child of the Vincents underwent. Besides the foregoing, taken from the findings, the evidence shows that the town of Felton rendered no substantial aid to the Vincents after paying the rental for the farm in the town of Hagen in the spring of 1931. While on the farm under contract for deed, the family supported itself in spite of the fact that there was almost crop failure because of drought. They had some horses and cattle when they moved onto the farm. The cattle had increased in num-

ber when they moved off in 1935. They also had some farm implements. No one of the family testified, and their actual financial condition is not disclosed; but the fact that for more than three years the family was self-supporting indicates that their status as paupers had changed.

The contention is made that the agreement made between the two towns in 1931, when the farm was rented for the use of the Vincents, was a continuing contract under which the town of Felton would be responsible for the support of the Vincents and was not limited to the year of the lease. There was no formal action of the town boards, and it is doubtful whether valid agreements of that sort could be entered into. The court did not find a continuous agreement, and the evidence does not compel a finding of that sort. In the memorandum appended to the findings the trial court said:

"The fact that the township of Felton agreed to furnish relief to these poor people at the time they were moved into the township of Hagen could not have the effect of a continuing agreement. When the Vincent family became self-supporting to the extent that they did not need relief from the poor fund of any municipality then their settlement in the township of Hagen began to count in favor of the township of Felton."

It is also claimed that the Vincents were continuously in the pauper class receiving relief; hence their place of settlement, as defined by 1 Mason Minn. St. 1927, § 3161, never changed from the town of Felton. This claim is based on the fact that a mother's pension was granted Mrs. Vincent in June, 1931, and has been paid her ever since, and that her two oldest sons have received assistance from the Federal Relief set-up. We do not regard mother's pension as placing her family in the pauper class within said § 3161. The pension goes to her whether she has a settlement in the town of Hagen or in the town of Felton. It does not come out of the poor fund of either town. In re Settlement of Skog, 186 Minn. 349, 243 N. W. 384; State ex rel. Timo v. Juvenile Court, 188 Minn. 125, 246 N. W. 544.

The evidence herein is conclusive that after the expiration of the farm lease in the town of Hagen, which the town of Felton obtained

and paid the rent for, the Vincents remained on the farm not as tenants but as owners, having obtained a contract for deed thereto. This was a voluntary election to make that town their home. For more than two years prior to this suit the family has been self-supporting and has not asked for assistance, except for the child's emergency operation. Counsel cites City of Willmar v. County of Kandiyohi, 167 Minn. 178, 208 N. W. 648; but the first paragraph of the syllabus states:

"A poor person who has a legal settlement in a particular county retains it until he acquires a new settlement in another county, or loses it by removing from the state."

This must also apply to towns where that system for caring for the poor prevails. By the buying of a farm in the town of Hagen and residing thereon as their home for more than two years the Vincents acquired a settlement in that town and lost the one previously held in the town of Felton.

Counsel for plaintiff cites Ward County v. Ankenbauer, 65 N. D. 220, 257 N. W. 474, where the court held that by receiving relief from the Federal Emergency Relief Fund allotted to Burke county while residing in Ward county the paupers involved retained their settlement in Burke county. The record in the case at bar shows no more than that the two oldest sons of the Vincents worked under the Federal Emergency Relief set-up and received wages. There is no showing as to how the money received was used. Nor does it appear that any part thereof had come from any allotment to the town of Felton, or that either son received any money of the federal government which had been allotted to either town, or even to Clay county. So there is no basis for applying the decision of the Ward case to the facts in the instant case.

We see no merit in the claim of estoppel. If this had been an action against the town of Felton for support furnished the Vincents while the lease was in effect or while the family had a legal settlement in that town, estoppel might well have been invoked. But, as above stated, the Vincents voluntarily bought the farm in the town of Hagen and maintained themselves thereon without call-

ing for support for more than two years. That action of the Vincents the town of Felton could not prevent. Estoppel must be grounded on some conduct of the party against whom it is invoked. For at least three years previous to this suit nothing that the town of Felton did or omitted to do is shown that should estop it from proving the actual facts in respect to the Vincents' legal settlement within the purview of § 3161 of the Code.

The order is affirmed.

LORING, JUSTICE, took no part in the consideration or decision of this case.