[1] Reported in 278 N.W. 581.
The township of Leigh in Morrison county appeals from a judgment determining the settlement of one John Venteicher and his family, poor persons, to be in said township and adjudging it to be charged with the responsibility of furnishing them aid as poor persons.
John Venteicher, together with his wife and children, came to this state from Iowa in 1926 and located on a farm in Pierz township, Morrison county, where they remained until October, 1931, when they moved to Buckman township, Morrison county. Upon leaving this latter abode on October 14, 1934, they moved to Granite township, Morrison county, and made their home there until May 20, 1935. On that date they went to live on a farm in Richardson township, Morrison county, where they stayed until October 15, 1935. They then moved to a farm in Leigh township, Morrison county. On October 24, 1936, they left this last residence and thereafter made their home in Mille Lacs county.
In Morrison county poor relief is administered by the townships, while in Mille Lacs it is dispensed by the county. The towns of Pierz and Buckman are not parties to this proceeding, and the record *Page 333 
does not disclose whether the Venteichers applied for or were given relief while residing there. They received no aid from township funds while in Granite, Richardson, and Leigh townships. From November 8, 1935, until October 24, 1936, Mr. Venteicher was either employed by the Works Progress Administration or his family was the recipient of direct relief administered by Morrison county with federal funds. About December 1, 1936, the Venteichers applied for relief in Mille Lacs county, and they received commodities and credits from the county relief agency from December, 1936, through March, 1937, when these proceedings to determine settlement were commenced by Mille Lacs county against Granite, Richardson, and Leigh townships.
The trial court found that during the year preceding December 1, 1936, the Venteichers had not acquired a settlement in Mille Lacs county; that the period from January 24, 1936, to October 24, 1936, was to be excluded in determining their settlement; that during the remaining 54 days between December 1, 1935, and January 24, 1936, the Venteichers had resided in Leigh township; that Leigh township was the municipality in Morrison county in which the Venteichers longest resided during the year immediately preceding their application for relief in Mille Lacs county; that the Venteichers are poor persons within the meaning of the statute; and that the town of Leigh is chargeable with all expenses incurred in rendering them assistance as the place of their settlement for poor relief purposes.
In a memorandum attached to the findings and conclusions the court expressed the view, adopted by it, that the year in which settlement of the pauper in question must be determined was the year preceding December 1, 1936. That part of the memorandum applicable reads:
"I am convinced that in determining the settlement of the paupers involved in this proceeding the Court is concerned with the year next before December 1st, 1936, the time said paupers made application to the County of Mille Lacs for support as poor persons. That prior to moving into the County of Mille Lacs and State of Minnesota *Page 334 
said paupers had lived and resided continuously in the County of Morrison and State of Minnesota for more than one year and had established a settlement therein. That the municipality in the County of Morrison and State of Minnesota in which the said paupers lived and resided the longest time during the year next before December 1st, 1936, will have to respond in aid and support for said paupers. * * * In determining the settlement the Court is not supposed to go back of the year next before December 1st, 1936. It is true that since January 24, 1936, said paupers were either on work relief or were furnished other direct relief by governmental agencies and that that time since January 24, 1936, is to be excluded in determining their settlement, but the evidence conclusively shows that said paupers lived in the Town of Leigh from about December 1st, 1935, to about January 24, 1936, a period of fifty-four days, and that during this time there was no aid furnished said paupers from the poor fund of any municipality. This period is within the year next before application for relief and is the longest residence of said paupers in any municipality during that year."
There is no dispute as to the facts. All parties agree that the Venteichers had not established a settlement in Mille Lacs county at the time they first applied for relief in that county nor at the time of the hearing. The responsibility for their care and support must rest upon either Leigh, Richardson, or Granite township. The solution of that question depends upon the construction of that part of 3 Mason Minn. St. 1936 Supp, § 3161, which reads as follows:
"Every person, except those hereinafter mentioned, who has resided one year continuously in any county, shall be deemed to have a settlement therein, if it has the county system; if it has the town system, he shall have a settlement in the town, city or village therein in which he has longest resided within such year. Every person who has resided one year continuously in the state, but not in any one county, shall have a settlement in the county in which he has longest resided within such year, if it has the county system; if it has the town system, his settlement shall be in the town, city or *Page 335 
village therein in which he has longest resided within such year. * * * each month during which he has received relief from the poor fund of any county or municipality or from fundssupplied by the State of Minnesota or the United States or anydepartment or departments thereof, supplied as direct relief orin providing work on a relief basis and in lieu of directrelief shall be excluded in determining the time of residence." The italicized portion was added by Ex. Sess. L. 1935-1936, c. 68.
1. Prior to January 24, 1936, the only periods of residence excluded by the statute in determining settlement were the months in which aid was received from the county or town poor relief fund. Town of Hagen v. Town of Felton, 197 Minn. 567,267 N.W. 484. On January 24, 1936, the statute was amended so as to exclude also months in which direct or work relief was received from the state or federal governments. Neither the substance nor the construction of the statute was otherwise changed. Township of Equality v. Township of Star, 200 Minn. 316,274 N.W. 219. Since the amending act did not specifically provide when it was to take effect, it went into effect from and after its approval on January 24, 1936. 2 Mason Minn. St. 1927, § 10928; Mushel v. Bd. of Co. Commrs. of Benton County,152 Minn. 266, 188 N.W. 555. Nor did it provide that it was to be retroactive, and we regard it as having been passed without that intent. 6 Dunnell, Minn. Dig. (2 ed. Supps. 1932, 1934, 1937) § 8946.
Since the statute excludes "each month" in which work or direct relief is received from town, county, state, or federal funds, and since the Venteichers received federal aid from the date of the passage of the statute until October 24, 1936, the entire period from January 1, 1936, until November 1, 1936, must be excluded from the period of residence used to determine settlement.
2. The next question to be resolved is the date from which the year referred to in the statute is to be computed. The trial court held that the township in Morrison county in which the Venteichers longest resided, exclusive of the period during which they received direct or work relief, during the year preceding December 1, 1936, was the place of their settlement. *Page 336 
If a person establishes a settlement within a county of this state by continuous residence therein for one year, he does not acquire a settlement in another county within one year of the time of his departure from that county. In re Settlement of Johnson, 189 Minn. 161, 248 N.W. 710; State ex rel. Timo v. Juvenile Court, 188 Minn. 125, 246 N.W. 544; In re Leslie,166 Minn. 180, 207 N.W. 323. The Venteichers were resident in Mille Lacs county but little more than a month before they requested and were granted relief. But a settlement for poor relief purposes is not lost, once it is established, by removal from the place of settlement. It is lost only when a new settlement is acquired in some other place, or by absence from the state. Township of Equality v. Township of Star, 200 Minn. 316,274 N.W. 219; City of Willmar v. County of Kandiyohi,167 Minn. 178, 208 N.W. 648; In re Leslie, 166 Minn. 180,207 N.W. 323. Since the Venteichers did not lose their settlement in Morrison county by reason of their departure from Morrison county or by reason of the acquisition of a new settlement in Mille Lacs county, it follows that their settlement is now the same as it was at the time of their departure from Morrison county.
3. In determining where in Morrison county their settlement was at the time of their departure from that county, the entire period from January 1, 1936, to October 24, 1936, must be excluded since in each of those months the Venteichers received direct or work relief from federal funds. The year determinative of their settlement is, therefore, that year contained between January 1, 1935, and December 31, 1935.
The manner in which the year contemplated by the statute is to be computed has been variously defined by this court. In County of Douglas v. Township of Dead Lake, 179 Minn. 251, 254,228 N.W. 929, 930, the court stated it to be "the year preceding the time he [the pauper] became a public charge." In Village of Grove City v. Township of Manannah, 182 Minn. 197,199, 233 N.W. 875, 876, the court said: "The one year referred to in the statute is the year immediately preceding the application for aid." In Town of Smiley v. Village of St. Hilaire, 183 Minn. 533, 536, 237 N.W. 416, 418, this expression was used: "It has been said by us that the one *Page 337 
year mentioned in the statute refers to the year immediately preceding the commencement of the proceedings." In re Settlement of Spangler, 186 Minn. 509, 511, 243 N.W. 695, being a case involving the place of settlement under the township system, the court said that the date from which to compute was the day "when poor relief was asked and granted." The final expression of the court on the question appears in the case of City of Detroit Lakes v. Village of Litchfield,200 Minn. 349, 353, 274 N.W. 236, 238, where the following language was used: "As stated above, the responsibility as between the plaintiff and defendants, the one in which Eggers resided the longest period of the year next preceding his application for aid fixes his settlement." We hold that the period determinative of settlement is the year next preceding the application for aid unless relief is given in the same month in which the application is made; in the latter case, the year contemplated by the statute is the year ending the last day of the month immediately preceding the month in which aid is applied for and granted.
During the year so fixed the Venteichers resided in Granite township from January 1, 1935, to May 19, 1935, or a period of 139 days; they resided in Richardson township from May 20, 1935, to October 14, 1935, or a period of 148 days; and they resided in Leigh township from October 15, 1935, to December 31, 1935, or a period of 78 days. It follows that Richardson township is burdened with the responsibility for the care and support of the Venteichers and is answerable to Mille Lacs county for aid furnished the family.
4. At the commencement of these proceedings the Venteichers were possessed of a team of horses, six head of cattle, and some farm machinery. These were mortgaged for the sum of $200, which the trial court finds to be about the reasonable value of the property. Their home is upon a farm of which about 25 to 28 acres is under cultivation. Appellant contends that the ownership of this mortgaged property takes the Venteichers out of the pauper class. The ownership of property, although mortgaged, may result in the exclusion of the owner from the pauper class if the income which can be derived from the use of the property will suffice to support the owner. Evangelischer Verein v. Town of Cannon City, *Page 338 191 Minn. 132, 253 N.W. 97. But there is nothing in the record to indicate that the trial court erred in finding that the income to be derived from the use of this property (and its sale would net the Venteichers little or nothing after discharging the mortgage) would not adequately support a family of nine.
The judgment is reversed and the case remanded with directions to amend the findings in conformity with this opinion so as to enter judgment that the settlement of John Venteicher and his wife and minor children is in the township of Richardson, Morrison county.
Reversed.
MR. JUSTICE STONE, because of illness, took no part in the consideration or decision of this case.