[1] Reported in 282 N.W. 272.
The question is, where did Mrs. Youngquist have her settlement on February 18, 1937? She was a widow with a family, with her settlement in Renville county on and prior to December 5, 1935. She was then receiving a mother's pension of $65 per month, which was paid to her until December 5, 1936. On December 5, 1935, she moved from Renville to Redwood county. She employed two draymen. The service rendered by each was independent of the other. Each rendered a separate bill, which Renville county subsequently paid. Neither of them was authorized by the county to render such services before they were rendered. One was paid in December, 1935, and the other in March, 1936. Mrs. Youngquist received relief from Redwood county during the months of January and February, 1937. 1 Mason Minn. St. 1927, § 3161, provides that a person shall be deemed to have a settlement in a county, if it has the county system of poor relief, where he has resided continuously for one year; but that in determining the time of residence each month during which he received relief from the poor fund of any county shall be excluded. Both Renville county and Redwood county have the county system of relief. The months of January and February, 1937, are excluded without any dispute. From December, 1935, to December, 1936, inclusive, there were 13 months. Redwood county contends that Mrs. Youngquist received relief from the poor fund *Page 532 
of Renville county during the months of December, 1935, and March, 1936, by the payment from its poor fund of the bills rendered by the draymen for moving Mrs. Youngquist from that county to Redwood county. If this contention is sustained, Mrs. Youngquist did not have a settlement in Redwood county on the determinative date. The contention of Renville county is that since Mrs. Youngquist received the services in December, 1935, that was the only month in which she received relief from that county. The parties agree that the months during which she received a mother's pension are not to be excluded in determining the time of residence for purposes of settlement, under the rule declared in In re Settlement of Skog, 186 Minn. 349,243 N.W. 384; and State ex rel. Timo v. Juvenile Court,188 Minn. 125, 246 N.W. 544.
This case comes here with an adjudication, which is not questioned on the appeal, that Mrs. Youngquist received relief from the poor fund of Renville county. That adjudication is final here, although there is authority for the proposition that the subsequent voluntary reimbursement by the poor authorities of one who furnished services to an alleged pauper does not constitute the furnishing of relief within the meaning of the poor laws. Town of Windham v. City of Portland, 23 Me. 410; 48 C. J. p. 478, § 102, notes 14 and 15. The only question for our determination is, when did Mrs. Youngquist receive such relief from the poor fund of Renville county? Was the relief received when the services were rendered or when the county paid for such services?
An alleged pauper receives relief from the county poor fund when money in the fund is appropriated to his use either by a cash disbursement to him or when the fund becomes liable for the payment of goods or services furnished to him by the county. The county did not furnish the services to Mrs. Youngquist. She contracted for them herself and incurred only a personal liability to the persons furnishing the same. The county subsequently voluntarily paid and discharged the contractual liability of Mrs. Youngquist to each of such persons. Until the payments were made nothing was received nor was there a right to receive anything from the poor fund. Even the payment of the one bill in December, *Page 533 
1935, did not obligate the county to pay the other, which was paid in March, 1936. Each payment discharged a separate liability. Relief from the poor fund was received by Mrs. Youngquist when the county paid for the services, not when they were rendered. We therefore hold that she received such relief from Renville county twice, once in December, 1935, and again in March, 1936. These months are not to be counted in determining the period of residence for purposes of settlement, in consequence of which Mrs. Youngquist had resided in Redwood county only 11 months, which is one month short of the period required to obtain a settlement. The court below properly determined that these two months are to be excluded and that Mrs. Youngquist had a settlement in Renville county.
Judgment affirmed.