[1] Reported in 283 N.W. 399.
This case involves a dispute as to the place of settlement of Joe Wrobleski and his family. The town of Swan River, to which they applied for relief on March 16, 1937, instituted this proceeding to determine the place of their settlement, claiming that it was in Chippewa county. The Wrobleskis resided in Tara township in Swift county prior to April 10, 1933, when they moved to Chippewa county, where they resided continuously until April 8, 1936. On the last mentioned date they moved to the town of Swan River, in Morrison county, where they have resided ever since. During the first 11 months, from April 10, 1933, to March 1, 1934, of their residence in Chippewa county, the Wrobleskis did not receive any relief. From March, 1934, to December, 1935, they received direct relief every month from federal and state funds allocated to Chippewa county. Relief was furnished during the months from January to April, 1936, which was paid from the poor fund of Chippewa county. These were the only payments to them from the poor fund of Chippewa county. The county, pursuant to arrangement with federal and state authorities, paid all the expenses of handling relief from its poor fund, and the federal and state governments furnished the money paid out for relief. The facts were stipulated with respect to the relief received during the period from March, 1934, to December, 1935, as follows:
"That said relief aid consisted of moneys appropriated by the State of Minnesota and the Federal Government, but that Chippewa County paid the administration expenses of relief during all of said *Page 266 
time, which administration expenses consisted of office rent, office supplies, equipment, salaries, and amounted to approximately $1,000.00 per month. That all of said administration expenses paid by Chippewa county was paid out of the poor fund of said county. It is conceded, however, by Chippewa County that so far as any moneys or funds as were used for furnishing actual relief to Joseph Wrobleski and members of his family was not taken from the poor fund of Chippewa County but was from funds furnished by the State of Federal money."
The Wrobleskis received direct relief from the Resettlement Administration during the months of December, 1936, and January, February, and March, 1937, which was after they had taken up their residence in the town of Swan River. Below, Chippewa county claimed that the settlement was in the town of Swan River, but on the appeal has abandoned that claim. The court below found that the Wrobleskis had a settlement for poor purposes in Chippewa county and that the period following March 1, 1934, was not to be excluded in computing the period of settlement since the relief received during that period was not from the poor fund of Chippewa county but from state and federal funds.
1. The sole question is whether the alleged paupers had a settlement in Chippewa county. Chippewa county had the county system of relief. In a county having the county system of relief, settlement is established by one year's continuous residence in the county. 1 Mason Minn. St. 1927, § 3161. The Wrobleskis established a settlement in Chippewa county unless the period from March 1, 1934, to December, 1935, is to be excluded in computing the time of residence. Matters relating to settlement are statutory. This of course includes the determination of the periods which shall be included and excluded in computing the residence necessary to establish settlement. 1 Mason Minn. St. 1927, § 3161, provided that each month during which an alleged pauper received relief from the poor fund of the county should be excluded in determining the time of residence. Relief is received from the county poor fund when money is appropriated therefrom to the pauper's use either by cash *Page 267 
disbursement to him or when the fund becomes liable for the payment of goods or services furnished to him by the county. In re Settlement of Youngquist, 203 Minn. 530, 282 N.W. 272. The facts established by the stipulation require a finding that the relief was not received from the poor fund of Chippewa county during the period in question since they show that such relief was from moneys appropriated by the state of Minnesota and the federal government, unless the payment of the administrative expenses by the county out of its poor fund was a furnishing of relief.
2. The contention of the county is that the payment of administrative expense in connection with relief is the furnishing of relief to a pauper out of the county poor fund. Prior to the arrangement with the state and federal governments the administrative expenses and the payments from the poor fund were entirely separate. The administrative expenses such as the salaries and expenses of county officers were paid out of funds provided for the purpose, and the poor relief was paid exclusively from the poor fund. It was never thought that the payment of such administrative expenses of the county government constituted the furnishing of relief to a particular pauper. After the arrangement was made for state and federal funds the substance of things remained as before. Administrative expense and poor relief remained the same. By the arrangement the county discontinued paying relief from its poor fund altogether. Instead, it assumed all duties of administration, the expense of which was paid by appropriating the poor fund for that purpose. The county board has control of the several funds of the county except in certain counties. The use of the poor fund to pay administrative expenses amounted to a transfer of the moneys from the poor fund. Expenditure for general governmental expense is not the same as expenditure for a specific authorized purpose from a special fund. The former may not be paid from a special fund without specific authorization. This is true even though such general expense pertains to the administration or arises from the expenditure of the special fund. Board of State-House Commrs. v. Whittaker,81 Ind. 297; Campbell v. Board of Commrs. *Page 268 115 Ind. 591, 18 N.E. 33; Henderson v. Board of Commrs. 129 Ind. 92,28 N.E. 127, 13 L.R.A. 169; State ex rel. Faulconer v. Bd. of Co. Commrs. 86 Kan. 201, 119 P. 327. True, the state and federal funds might not have been available without the payment of the administrative expenses; but it is also true that poor relief paid out of the county poor fund is not available without payment of administrative expenses out of county funds. The contention of the county is shown to be untenable by assuming its validity and applying it to a case where relief is denied. It could not well be contended that if after the relief workers had investigated the case of the Wrobleskis and the relief administration rejected their application for relief, they had received relief from the poor fund of the county. In that situation the county would have expended money for administrative purposes in passing on the merits of their case, but it would have paid them nothing. The alleged pauper would have had the benefit of expenditure of county funds to determine whether he was entitled to relief, but he would not have received relief where his application was denied. By the same argument, when the action is favorable to him, the pauper receives relief not from the administrative expense incurred on his account, but from the money actually paid or other relief actually furnished to him.
3. The period here involved was before Ex. Sess. L. 1935-1936, c. 68 (3 Mason Minn. St. 1938 Supp. § 3161) became effective, which was on January 24, 1936. It amends § 3161,supra, and enlarges the exclusion by providing that the period during which relief is received from funds supplied by the state of Minnesota or the United States, or any department or departments thereof, supplied as direct relief or in providing work on relief basis and in lieu of direct relief, shall also be excluded. In the absence of the amendment such periods would not be excluded under § 3161, and the statute is to be deemed a recognition of that fact. It is apparent that one of the purposes of the statute was to cover such situations. The statute is not retroactive. In re Settlement of Venteicher,202 Minn. 331, 278 N.W. 581. No point is made of the fact that the Wrobleskis received relief from the Chippewa county poor fund from January to April, 1936, since that period would not be important *Page 269 
if the Wrobleskis had meanwhile established a settlement in Chippewa county.
Affirmed.