[1] Reported in 297 N.W. 27.
Greenwood township, adjudged the settlement for poor relief purposes of Arlys Schendel under 1 Mason Minn. St. 1927, § 3161-1, appeals from an order denying amended findings of fact or a new trial.
It appears that prior to December, 1934, Arlys Schendel, the unmarried mother of Willard Schendel, lived with her parents in the village of Hanover, Hennepin county, and there acquired a settlement. During that month, the family moved to Greenwood township, Hennepin county. In late November, 1935, the family returned to Hanover. It was this period of residence of about 11 months in Greenwood which was found below to have established for Arlys Schendel a poor relief settlement there. On May 25, 1936, subsequent to her parents' death, Arlys Schendel left Hanover and resumed residence in Greenwood, where she stayed with an uncle until July 21, 1936. She then went to Anoka county, where she remained until October 5, 1936. She again resumed residence in Greenwood, staying with her uncle until February 17, 1937. From this date until September 8, 1937, she worked in Douglas county, and until May 15, 1938, she worked in Scott county. At no time during this entire period of various residences did Arlys Schendel ever receive poor relief from any county or township, her maintenance coming from her own efforts or from parents or relatives. *Page 468 
While working at Belle Plaine, Scott county, Arlys Schendel became ill, and on May 15, 1938, was removed to the Minneapolis General Hospital, where she was treated for scarlet fever until June 4, 1938, as a charity patient. Thereafter she resided with her sister in Minneapolis, and on five separate occasions, three in June, two in August, she called at the hospital for medical assistance. She first made application for poor relief from the city of Minneapolis on June 20, 1938, and again on September 6, when it was granted. From September until February, 1939, Arlys Schendel or her son received poor relief from Minneapolis. In this proceeding, begun April 19, 1939, Minneapolis seeks a determination as between Hanover, Greenwood, and Medina, all political subdivisions of Hennepin county, of the place of settlement of Arlys Schendel for poor relief. Proceedings against Medina were dismissed.
The trial court concluded that Greenwood was the place of settlement of Arlys Schendel. Minneapolis and Hanover now contend for a similar result, while it is contended by appellant, Greenwood, that the settlement of Arlys Schendel is either Hanover or Minneapolis.
1 Mason Minn. St. 1927, § 3161, the statutory determinant of the place of settlement under either town or county systems for distributing poor relief, in part provides:
"Every person, except those hereinafter mentioned, who has resided one year continuously in any county, shall be deemed to have a settlement therein, if it has the county system; if it has the town system, he shall have a settlement in the town, city or village therein in which he has longest resided within such year."
A place of settlement is where a person is entitled to relief should he ever become a public charge and his relatives cannot or will not support him. 1 Mason Minn. St. 1927, § 3159; County of Redwood v. City of Minneapolis, 126 Minn. 512,148 N.W. 469. Where the county system of relief distribution is in effect, § 3161 is construed to require one year's continuous residence in a *Page 469 
county to establish a settlement. In re Settlement of Youngquist, 203 Minn. 530, 282 N.W. 272; In re Settlement of Wrobleski, 204 Minn. 264, 266, 283 N.W. 399, 120 A.L.R. 618. However, Hennepin county administers poor relief through the town system, which in terms does not require the one-year residence as a prerequisite to acquisition of settlement.
The trial court regarded as applicable to the town system the rule that once acquired, a settlement for relief purposes cannot be terminated except by gaining a new one. Town of Hagen v. Town of Felton, 197 Minn. 567, 267 N.W. 484; In re Settlement of Spangler, 186 Minn. 509, 243 N.W. 695. Starting with Hanover, where Arlys Schendel had an original settlement, the trial court found that this settlement changed by virtue of residence in Greenwood for 11 months. Since at no time thereafter did Arlys Schendel ever spend over six months in any other municipality in Hennepin county, or over one year in any other county, this settlement was never lost. By eliminating all residences subsequent to Greenwood, including Minneapolis, the court found residence there for the greatest part of the year immediately preceding application for relief in Minneapolis.
We think this analysis correct. All intervening residences subsequent to the last residence in Greenwood must be excluded. In no other county was there one year's continuous residence as required by the statute. In re Settlement of Johnson, 189 Minn. 161,248 N.W. 710. Nor did the brief period of residence in Minneapolis give Arlys Schendel a settlement there. Most of the time spent there must be eliminated from consideration because she was in receipt of poor relief during that period. 1 Mason Minn. St. 1927, § 3161. These intervening residences eliminated from computation, cf. In re Leslie, 166 Minn. 180,207 N.W. 323; In re Settlement of Spangler, 186 Minn. 509, 243 N.W. 695, Greenwood is left as the place wherein there had been the longest period of residence during the determinative year.
Order affirmed.
MR. JUSTICE STONE took no part in the consideration or determination *Page 470 
of this case.