CITY OF MINNEAPOLIS v. VILLAGE OF BROOKLYN CENTER.[1]

May 2, 1947.

No. 34,320.

---

*Arthur C. Wangaard* and *Larson & Lindquist,* for appellant.

*R. S. Wiggin,* City Attorney, and *Carsten L. Jacobson,* Assistant City Attorney, for respondent.

JULIUS J. OLSON, JUSTICE.

The only issue presented on this appeal is which of two municipalities named in the title is responsible for the support of Virginia Babineau and her six minor and dependent children. Hereinafter, we shall refer to the municipalities as plaintiff and defendant. Pur-

suant to Minn. St. 1945, § 261.08,[3] this matter was heard by one of the judges of the district court of Hennepin county, within the boundaries of which both municipalities lie.

These are the facts: Hennepin county operates under the town system of caring for its poor. Plaintiff sought and succeeded in having the court determine that the place of settlement of the Babineau family was in defendant and that the burden of caring for the family rested upon it. Defendant concedes that the family had gained a "settlement" within its borders, since they resided there continuously from June 1939 to March 15, 1943. From that time on, however, the family adopted a roving habit, in that they frequently moved from place to place, both within and without Hennepin county. Thus, we find that from March 15 to 25, 1943, they were in the state of Washington. Immediately thereafter, they returned to plaintiff, where they lived until April 22. They next moved to Stearns county and there remained a little over three months. Next, they went to Meeker county, where they remained a little over three months. From Meeker county they returned to plaintiff about November 1, 1943, and remained there until June 23, 1944, a matter of seven months and 22 days, when they again were on the move, going to Renville county. The wife and children remained there until about November 6, 1944, when the family came back to plaintiff, where they have since resided. On July 16, 1945, the husband went to Phoenix, Arizona, where he found employment. He continued to support his family until and during a part of August, when he wrote his wife requesting that she and the children join him there. She declined to do so, preferring, instead, to remain in plaintiff city. The family had not sought or received public aid prior to September 19, 1945. Need for such aid having then arisen, Mrs. Babineau made application for public relief on behalf of herself and her six minor children. They have been receiving continuous relief from the poor funds of plaintiff ever since that date.

Upon these facts, the court found and determined that defendant was the place of settlement for purposes of poor relief and that it

[3]See, M. S. A. § 261.08, and cf. Mason St. 1940 Supp. § 3161-1.

should be charged with the legal responsibility of supporting the Babineau family. It was further found and ordered that plaintiff be authorized to remove these poor persons from plaintiff city to defendant village. Judgment in accordance with the findings and order was entered, from which defendant has appealed.

The question here is the interpretation to be given to Minn. St. 1945, § 261.07. We have been furnished with an engrossed copy of that section as amended by the legislature in 1939. So far as here material, it reads as follows:

"Every person * * * who has resided ~~one~~ *two* years continuously in any county, shall be deemed to have a settlement therein, if it has the county system; if it has the town system, he shall have a settlement in the town, city or village therein in which he has longest resided within ~~such~~ *two* years. Every person who has resided ~~one~~ *two* years continuously in the state, but not in any one county, shall have a settlement in the county in which he has longest resided within such ~~year~~ *two years,* if it has the county system; if it has the town system, his settlement shall be in the town, city or village therein in which he has longest resided within ~~such~~ *two* years."

(The changes made in the old law are indicated by a line drawn through words eliminated and by italicizing the new.)

■ Important here to determine is whether this statute is so worded as to lead to the view that there is ambiguity in its meaning. Since statutory interpretation lies wholly within the domain of ambiguity (State ex rel. Morrison County Agr. Assn. v. Iverson, 120 Minn. 247, 139 N. W. 498), then, clearly, plain and unambiguous language leaves no room for construction. In such circumstances, "the statute is its own best expositor." 6 Dunnell, Dig. & Supp. § 8938, and cases under notes 2 and 3. In other words, "artificial reasoning [should not be] used to create a synthetic ambiguity," nor should we ignore "the fact that the purpose of construction is to remove ambiguity and not to make it." Naeseth v. Village of Hibbing, 185 Minn. 526, 529, 242 N. W. 6, 7. And we recently reaffirmed and applied that thought in State ex rel. City of St. Paul v. Spaeth, 223

Minn. 218, 222, 26 N. W. (2d) 115, 117, where we said: "The language [of the statute] is plain and permits of no perversion by the process of construction."

■ Applying the statutory language to the recited facts, there can be no doubt that this family resided in plaintiff city from November 1, 1943, to June 23, 1944, a period of almost eight months. Then, from November 6, 1944, to September 19, 1945, the family resided continuously within plaintiff's borders a period of ten months and 13 days, so that within the statutory period of two years next prior to the date when application for poor relief was made and granted the actual residence of the family there was 18 months and five days. If we add to that the time when the husband worked and lived in Minneapolis, October 1 to November 6, 1944, while the family remained at Fairfax in Renville county, an additional month accrued.

Plaintiff maintains that the statute requires two years of actual and continuous residence under the town system as well as where the county system prevails; also, that where a poor person has acquired a settlement in any given municipality such settlement cannot thereafter be changed except by actual and continuous residence for the statutory period in some other municipality. Plaintiff raised that very question in the case of In re Settlement of Stewart, 216 Minn. 485, 13 N. W. (2d) 375. In that case, as in this, Minneapolis sought to place the burden of poor relief upon a township in Hennepin county. We have examined the record and briefs there submitted and find that Minneapolis raised and relied upon the same argument as is here presented, namely, that continuity of residence in Minneapolis had been broken and that piecing together separate and distinct periods of residence within the determinative period was not permissible under the doctrine of In re Settlement of Schendel, 209 Minn. 466, 297 N. W. 27. In the brief for the city of Minneapolis in the Stewart case, it was pointed out as the pivotal point in that litigation that where settlement for poor relief has once been established in a given municipality it cannot thereafter be changed to another municipality within the same county by "other than a continuous residence" for the statutory period in such other munic-

ipality. The Stewart family had gained such residence in Independence township in Hennepin county on January 4, 1934, when they moved to Minneapolis and there remained until May 6, a matter of about four months. They next resided in Spring Park township for a period of about five months. Then they returned to Minneapolis on October 10, 1934, and were residing there on January 3, 1935, when (216 Minn. 488, 13 N. W. [2d] 377) "The occasion for aid came" because of his (Stewart's) injury. "Up to that date he and his family were not paupers. The time had not arrived until that injury happened." Therefore, we concluded, "the year preceding must determine the settlement for poor relief. * * * Hence the residence of Mr. Stewart and his family from January 3, 1934, to January 3, 1935, must fix their settlement. During that year they lived in the appellant city [Minneapolis] longer than in any other political subdivision of Hennepin county, which is under the 'town system.'" Obviously, there, as here, such liability could arise only by adding the two periods of residence in Minneapolis. Present here, also, is the fact that the Babineau family had been self-sustaining and had never sought poor relief until after the husband had gone to Arizona and Mrs. Babineau had refused to join him there. The family has been absent from defendant ever since it left there on March 15, 1943. Its residence in other counties since then has never ripened into establishment of "settlement" for poor relief. Hennepin county alone must be and remain the only county where such settlement exists until a new settlement is acquired in conformity with our statutes.

■ Plaintiff thinks that In re Settlement of Schendel, 209 Minn. 466, 297 N. W. 27, *supra,* is determinative of the correctness of its position. A review of that case does not lead us to that conclusion. It will be observed that we there held (209 Minn. 468, 297 N. W. 28):

"* * * Where the county system of relief distribution is in effect, § 3161 is construed to require one year's continuous residence in a county to establish a settlement. * * * However, Hennepin county administers poor relief through the town system, which in terms

does not require the one-year residence as a prerequisite to acquisition of settlement.

"* * * Starting with Hanover, where Arlys Schendel had an original settlement, the trial court found that this settlement changed by virtue of residence in Greenwood for 11 months."

From that time, Arlys did not reside to exceed six months in any other municipality in Hennepin county, nor did she acquire settlement in any other county, because she had not resided in any of them long enough to acquire a settlement. (The section of the statute to which reference is there made is the present Minn. St. 1945, § 261.07, as amended in 1939 and heretofore quoted.)

■ We must bear in mind that the statute establishes two separate methods of determining legal settlement and that each serves a different purpose. Where the county system prevails, the statutory requirement now is a residence of two years, where formerly it was one year. If, on the other hand, the town system prevails, the poor person is deemed to have a "settlement" in the municipality "in which he has longest resided within two years" before getting poor relief.

■ We conclude that § 261.07 is not ambiguous; that each provision defines its own limits and purposes. Furthermore, the cases to which we have referred definitely so determine. Therefore, it follows that the trial court erred in holding defendant liable for the support and maintenance of the Babineau family, and that the judgment must be reversed with directions to so amend its conclusions of law as to conform with this opinion. So ordered.

Reversed.