COUNTY OF RAMSEY v. TOWNSHIP OF LAKE HENRY.
TOWNSHIP OF DORA, APPELLANT.
IN RE SETTLEMENT OF FREDORA WEIDNER AND
OTHERS.[1]

April 27, 1951.

No. 35,431.

*Dell, Rosengren & Rufer,* for appellant.

*James F. Lynch,* County Attorney, and *Edward E. Cleary,* Assistant County Attorney, for respondent County of Ramsey.

*Harry E. Burns,* for respondent Township of Lake Henry.

CHRISTIANSON, JUSTICE.

The issue presented by this appeal is which of two townships

[1]Reported in 47 N. W. (2d) 554.

located in different counties in this state is responsible for the support of Fredora Weidner and her four minor and dependent children.

The political subdivisions here involved are the county of Ramsey, the township of Dora located in Otter Tail county, and the township of Lake Henry located in Stearns county. Ramsey county operates under the county system of caring for its poor. Both Otter Tail and Stearns counties have the town system for administering such relief. Pursuant to M. S. A. 261.08, this matter was heard by one of the judges of the district court for Ramsey county, wherein Mrs. Weidner and her children now reside.

Mrs. Weidner is a widow. Prior to April 20, 1941, she and her four minor children lived and acquired a "settlement" in Lake Henry township, Stearns county, Minnesota.[2] Since April 20, 1941, they have resided in various parts of the state. After leaving Lake Henry township, they first resided in the city of Minneapolis, Hennepin county, for about three months.[3] They then moved to Dead Lake township in Otter Tail county, where they lived for seven months. The following 12 months they resided in Dora township located in the same county. They then lived in Isanti county for 12 months, and thereafter in Washington county for about four months.[4] From Washington county they moved to Ramsey county, where they have continued to reside since July 1, 1944. Following the death of her husband in 1945, it became necessary for Mrs. Weidner to apply for public relief for herself and her minor children. Since January 1946 they have been receiving poor relief each month from the poor funds of Ramsey county.[5]

---

[2]A place of settlement is where a person is entitled to relief should he ever become a public charge and his relatives cannot or will not support him. § 261.03.

[3]Hennepin county has the town system for administering poor relief.

[4]Isanti and Washington counties both operate under the county system.

[5]The time during which a person receives relief from the poor fund of any county or municipality is excluded in determining the time of his residence therein, under § 261.07, subd. 2.

All parties agree that since the Weidner family has not resided in Ramsey county for two full nonrelief years, and did not reside in either Isanti or Washington counties for a two-year period, they could not acquire a poor relief settlement in these counties, all of which have the county system of relief.

The trial court found that, excluding the residence in counties having the county system of poor relief, the Weidners had resided for the longest period of time in Dora township, Otter Tail county. Even though the period of residence in Otter Tail county was less than two years, the court determined that Dora township was the place of settlement for poor relief purposes and legally responsible for the support of the Weidner family. The court further found and ordered that Ramsey county be authorized to remove these poor persons to Dora township pursuant to § 261.09. Judgment was entered in accordance with the court's findings and order. Dora township appeals from the judgment.

The memorandum attached to the trial court's findings and conclusions indicates that as authority the court relied on the rule laid down in the cases of City of Minneapolis v. Village of Brooklyn Center, 223 Minn. 498, 27 N. W. (2d) 563, and In re Settlement of Schendel, 209 Minn. 466, 297 N. W. 27. In the City of Minneapolis case, this court considered the application of the provisions of § 261.07 to a case involving the determination of a poor settlement between two municipalities located in the same town-system county. The poor persons there had resided more than two years continuously within Hennepin county before seeking and obtaining poor relief, but had lived less than two years in the city of Minneapolis. The court, following In re Settlement of Schendel, *supra,* and In re Settlement of Stewart, 216 Minn. 485, 13 N. W. (2d) 375, held that, since during the two-year period immediately preceding the obtaining of relief the poor persons had resided the longest period of time in the city of Minneapolis, said city was their place of legal settlement under § 261.07.

Appellant concedes the rule of these cases and admits that within a single county having the town system a poor relief settlement

may shift to and devolve upon a town even where there has been less than two years' residence in the town, provided there has been two years' residence in the county wherein the town is situated. However, appellant contends that to acquire a settlement in another county § 261.07 requires as a condition precedent that there be two years' continuous residence therein, regardless of whether that county has the county or town system. The position of Lake Henry township is that this requirement applies only to counties having the county system.

The particular provisions of § 261.07 requiring interpretation read as follows:

"Subdivision 1. Every person * * * who has resided two years continuously in any county, shall be deemed to have a settlement therein, if it has the county system; if *it* has the town system, he shall have a settlement in the *town,* city, or village *therein* in which he has longest resided within two years." (Italics supplied.)

It is conceded that the pronoun "it" and the adverb "therein" must be read in conjunction with the preceding clause applicable to counties having the county system, and that the meaning of these two words is determinative of the question here presented.

Appellant contends that the statutory language should be construed to read as follows:

"if *the county* (it) *of the person's 2 year residence* has the town system, he shall have a settlement in the town *of that county* (therein) in which he has longest resided within two years."

On the other hand, Lake Henry township maintains that the following interpretation should be adopted:

"if *the county* (it) has the town system, *every person who has resided two years continuously in any county* (he) shall have a settlement in the town *in the county having the town system* (therein) in which he has longest resided within two years."

In ascertaining the intention of the legislature, it is presumed that the legislature did not intend an absurd or unreasonable re-

sult.[6] The interpretation urged by Lake Henry township, if adopted, would place counties operating under the town system of poor relief in a disadvantageous position compared with counties having the county system.[7] Moreover, such an interpretation, if carried to its logical conclusion, could in certain cases result in making a given town, city, or village the place of legal settlement, although the poor person had only resided in the county for less than 30 days. We are satisfied that such a result was never intended by the legislature. On the contrary, it is our opinion that the legislature intended that where, as here, a person has once acquired a legal settlement within this state, two years' continuous residence thereafter in some other county, whether it has the county or town system of poor relief, is a condition precedent to acquiring a new settlement within any other county in the state. Cf. City of Willmar v. County of Kandiyohi, 167 Minn. 178, 208 N. W. 648.

A settlement once acquired in this state is not lost until a new settlement is acquired in some other place or by absence from the state.[8] Since the Weidner family, after leaving Lake Henry township, did not reside two years continuously in any other county in the state, their settlement in Lake Henry township, Stearns county, was never lost. In no other county has there been two years' continuous residence as required by § 261.07, subd. 1. Hence, Stearns county alone must be and remain the only county wherein

[6]Section 645.17(1); see, 6 Dunnell, Dig. & Supp. § 8947.

[7]Section 263.10, subd. 1, provides:

"In all counties of this state wherein the poor are cared for under the town system, if the expense incurred by any town, village, or city, however organized, for the care of the poor therein in any calendar year exceeds an amount in excess of one mill of the taxable value of real and personal property in such town, village, or city for that year, the county in which the town, village, or city is situated, shall be liable for 75 per cent of the amount in excess of such one mill on the taxable value of real and personal property in such town, city, or village."

[8]In re Settlement of Schendel, 209 Minn. 466, 297 N. W. 27; In re Settlement of Venteicher, 202 Minn. 331, 278 N. W. 581; Town of Hagen v. Town of Felton, 197 Minn. 567, 267 N. W. 484; In re Settlement of Spangler, 186 Minn. 509, 243 N. W. 695.

such settlement exists until a new settlement is acquired in conformity with the statute.

The judgment is reversed and the case remanded with directions to amend the conclusions of law in conformity with this opinion so as to enter judgment that the settlement of Fredora Weidner and her minor children is in the township of Lake Henry, Stearns county.

Reversed.