*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-2348**

Jennie Rasmussen,
Relator,

vs.

Department of Employment and Economic Development,
Respondent.

**Filed August 18, 2014
Affirmed
Smith, Judge**

Department of Employment and Economic Development
File No. 31595847-3

Jennie Rasmussen, Minneapolis, Minnesota (pro se relator)

Lee B. Nelson, Department of Employment and Economic Development, St. Paul, Minnesota (for respondent department)

Considered and decided by Larkin, Presiding Judge; Bjorkman, Judge; and Smith, Judge.

## UNPUBLISHED OPINION

**SMITH**, Judge

We affirm the determination of the unemployment-law judge (ULJ) that relator is barred from withdrawing her benefit account and establishing a new one because such withdrawal is prohibited by Minn. Stat. § 268.07, subd. 3b(c) (2012).

**FACTS**

Relator Jennie Rasmussen worked for North American Wholesale Floral from late November 2012 until late July 2013. Rasmussen established an unemployment-benefits account effective July 21, 2013. On July 23, 2013, respondent Minnesota Department of Employment and Economic Development (DEED) sent Rasmussen a determination, showing her potential benefits. The determination informed her that her base period was from April 2012 to March 2013 and that her employer had reported wage information for two quarters, October to December 2012 and January to March 2013. The determination did not report any information for wages paid after March 2013. It advised Rasmussen that she had until August 12, 2013 to appeal the determination and "[i]f the employer or wage information listed is not correct," she should "complete and return the enclosed *Wage and Employer Correction Sheet* before Monday, August 12, 2013." Rasmussen allegedly called DEED for further information on her base period, but she did not appeal or return a correction sheet to DEED.

Beginning on August 7, 2013, Rasmussen received weekly unemployment benefits for six weeks. In September 2013, she asked to withdraw her benefit account so that her wages from April to June 2013 could be included in the calculation of her unemployment benefits amount. An administrative clerk at DEED denied her request, and Rasmussen appealed. After a brief hearing, a ULJ ruled that, because Rasmussen has received unemployment benefits, "the law does not allow her to withdraw" her benefit account. Rasmussen requested reconsideration, and the ULJ affirmed.

2

**DECISION**

Rasmussen requests reversal of the ULJ's decision, arguing that she relied on erroneous oral advice from DEED regarding her base period. We may reverse or modify a ULJ's decision when it is affected by an error of law. Minn. Stat. § 268.105, subd. 7(d)(4) (2012). We review a ULJ's legal conclusions de novo. *Stagg v. Vintage Place Inc.*, 796 N.W.2d 312, 315 (Minn. 2011).

A benefits account may not be withdrawn after any benefits have been paid. Minn. Stat. § 268.07, subd. 3b(c). Rasmussen received benefits for several weeks before requesting withdrawal of her benefit account, so she is barred from withdrawing her account.

Rasmussen asserts that she would have delayed her request to establish an unemployment-benefits account had she not been misinformed by DEED about her base period. We sympathize; it seems unfair if Rasmussen's actions were misguided by DEED. But we are bound by the statutory prohibition on withdrawal of an unemployment-benefits account after payments are made, even in cases where such a conclusion seems unfair. *See* Minn. Stat. § 268.069, subd. 3 (2012) ("There is no equitable or common law denial or allowance of unemployment benefits."); *see also State ex rel. Timo v. Juvenile Court*, 188 Minn. 125, 128, 246 N.W. 544, 546 (1933) ("The legislature is at liberty to ignore logic and perpetrate injustice as long as it does not transgress constitutional limits."). Also, Rasmussen was given an opportunity to correct missing or inaccurate information in the materials that DEED used in calculating her

3

unemployment-benefits amount by returning a written correction sheet, and she did not do so. We are therefore unable to grant her relief.

**Affirmed.**