## IN RE SETTLEMENT OF CHARLES STEWART.
## CITY OF MINNEAPOLIS v. TOWNSHIP OF INDEPENDENCE, HENNEPIN COUNTY.[1]

February 18, 1944.

No. 33,644.

*R. S. Wiggin,* City Attorney, and *Carsten L. Jacobson,* Assistant City Attorney, for appellant.

*Drake & Drake,* for respondent.

[1]Reported in 13 N. W. (2d) 375.

HOLT, COMMISSIONER.

This is a statutory proceeding to determine the legal residence of poor persons entitled to relief. The decision was in favor of the township, and the city appeals.

The record consists of appellant's petition and notice to the township of the application to the court to determine the legal settlement for poor relief of Charles Stewart, his wife, and their two minor sons; the findings of fact and conclusions of law; and the judgment entered thereon. The findings of fact purport to be according to a written stipulation, and we assume that they conform to the stipulation. There was no oral testimony or other documentary evidence.

Respondent moves to dismiss the appeal because not taken within 30 days after service of the notice of the filing of the findings and order for judgment, the contention being that the decision was a final order in a special proceeding, and a formal judgment was not required.

To have a court determine the settlement of a pauper came into our statutes by L. 1925, c. 378, which as amended appears as Minn. St. 1941, § 261.08 (Mason St. 1940 Supp. § 3161-1). Prior thereto the cases that came before the courts were those seeking recovery from the relatives of the pauper or from the county, city, village, or township of his settlement for the relief furnished the pauper. Of course in such cases there could be no appeal except from the judgment or from the order granting or refusing a new trial. Since L. 1925, c. 378, went into effect we have been cited to no case, nor have we found any, which has sanctioned the practice of appealing from the findings and order for judgment. In fact, the appeals have been either from the judgment or from an order granting or denying a motion for a new trial. The one exception was In re Settlement of Baalson, 211 Minn. 96, 300 N. W. 204. There the appeal was from the order for judgment, but on the day set for hearing in this court the parties were informed that the appeal was from a nonappealable order. Counsel were allowed to argue the case orally with the understanding that the appeal from

the order be dismissed, a judgment be at once entered, and an appeal from the judgment taken. This was done, as the minutes and records of this court show, and the appeal was determined. The practice having been since the enactment of the law in 1925 to appeal from the judgment or from an order granting or denying a new trial, we think it should now be adhered to. The trial court indicated by the last line in the findings that the final act of the court should be a judgment, viz., "Let judgment be entered accordingly." So we conclude that the appeal from the judgment was proper and timely. In fact, this court in reversing a judgment in a settlement dispute has directed the court below to enter judgment for the prevailing party. Lucht v. Bell, 214 Minn. 318, 8 N. W. (2d) 26; In re Settlement of Venteicher, 202 Minn. 331, 278 N. W. 581.

■ We do not think respondent's points are well taken that the statute of limitations or laches bars this statutory action to determine the settlement of Stewart and family for poor relief purposes. Poor relief is a continuing obligation of the county, town, city, or village concerned. If the statute of limitations outlaws some of the claims against the political subdivision found to be the settlement of the pauper, such political subdivision is not harmed or prejudiced. Moreover, the suits authorized by L. 1925, c. 378, are not for the recovery of money or expenditures given a pauper. They are only to determine a pauper's settlement at the time he craves relief.

■ The city contends that the findings of fact are that the settlement of Stewart and his family for poor relief is in the respondent township. It is found that they resided there continuously from December 15, 1930, to January 4, 1934. There is no finding that he or his family during that time received aid from any source. There are findings that they were self-supporting up to January 3, 1935, when Mr. Stewart met with an injury while residing in the city of Minneapolis, which necessitated treatment at the General Hospital of the city, and such treatment was paid for out of city poor funds. His family also received public relief from

April 2 to 9, 1935, when the family removed to Cloquet and while there was furnished with $17.40 worth of groceries paid for by appellant city. The family came back to Minneapolis in the latter part of September 1935. Then for about one month, until the latter part of October 1935, the family lived in respondent town, and returned to the city of Minneapolis. While the family lived in the town of Spring Park, Hennepin county, between May 6, 1934, and October 10, 1934, it was self-supporting. In short, the findings of fact are that up to Mr. Stewart's injury on January 3, 1935, he and his family were self-supporting and had never received or asked for poor relief. When such relief started with Mr. Stewart's injury it was kept up by the appellant city until this suit was begun. The city has caused the needs of the family to be supplied from whatever source the money came.

The occasion for aid came from Mr. Stewart's injury on January 3, 1935. Up to that date he and his family were not paupers. The time had not arrived until that injury happened. It was not contemplated by L. 1925, c. 378, that the settlement of every person in the state for purposes of poor relief should be adjudicated by the court. In re Settlement of Rudquist, 187 Minn. 331, 245 N. W. 365. From the findings it does not appear that Mr. Stewart or his family ever applied for poor relief, but we take it that the hospitalization on January 3, 1935, may be considered as an application, or in lieu thereof. Then the year preceding must determine the settlement for poor relief. In re Settlement of Gadbaw, 212 Minn. 331, 3 N. W. (2d) 490. Hence the residence of Mr. Stewart and his family from January 3, 1934, to January 3, 1935, must fix their settlement. During that year they lived in the appellant city longer than in any other political subdivision of Hennepin county, which is under the "town system."

■ The brief of respondent should not have contained what occurred before another judge in the first trial of this lawsuit, for a new trial was granted, and there was no appeal therefrom.

Judgment affirmed.